Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio


# OPINION

No. 04-11-00339-CV

**DODEKA, L.L.C.**,
Appellant

v.

Irma **CAMPOS**,
Appellee

From the County Court at Law, Val Verde County, Texas
Trial Court No. CV10023CAL
Honorable Sergio J. Gonzalez, Judge Presiding

Opinion by:   Sandee Bryan Marion, Justice

Sitting:       Sandee Bryan Marion, Justice
              Phylis J. Speedlin, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  May 2, 2012

REVERSED AND RENDERED IN PART, REVERSED AND REMANDED IN PART

In an opinion and judgment dated December 21, 2011, we reversed and rendered in part, and reversed and remanded in part.  Appellee, Irma Campos, filed a motion for rehearing.  We deny Campos's motion; however, we withdraw our opinion and judgment of December 21, 2011, and issue this opinion and judgment in its place.  Appellant, Dodeka, L.L.C., sued Campos for breach of contract based on an unpaid credit card account issued by Chase Bank to Campos.  Campos filed an answer and verified denial to the lawsuit.  Campos also filed a counterclaim

alleging Dodeka violated the federal Fair Debt Collections Practices Act (hereinafter "FDCPA") by threatening to and actually filing a suit time-barred by the four-year statute of limitations. Following a bench trial, the trial court rendered a take-nothing judgment against Dodeka. The trial court found in favor of Campos on her counterclaim. Dodeka appeals the trial court's judgment. We reverse and render in part, and reverse and remand in part.

## STATUTE OF LIMITATIONS

Dodeka contends the trial court erred in concluding it filed suit beyond the four-year statute of limitations. Dodeka challenges many of the trial court's findings of fact and conclusions of law pertaining to Campos's counterclaim under the FDCPA. For example, Finding of Fact 8 states the trial court found Dodeka filed suit "more than four (4) years after the breach." Conclusion of Law 12 states that "Plaintiff's suit was time barred . . . and violated the [FDCPA] . . . ."

If a trial court makes findings of fact and conclusions of law, we may review the fact findings for legal and factual sufficiency. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). If there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *Id.* at 795. We reverse the ruling for factual insufficiency of the evidence only if the ruling is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We review de novo the trial court's legal conclusions based on the findings of fact to determine their correctness. *BMC Software*, 83 S.W.3d at 794. If we determine a conclusion of law is erroneous but the trial court nevertheless rendered a proper judgment, the erroneous conclusion does not require reversal. *Id.*

Prior to Dodeka's lawsuit, Campos had a credit card account with Chase Bank. On December 23, 2005, Campos made her last payment on the account in the required minimum amount. On April 7, 2006, Campos resumed making payments for several months, but these payments were less than the minimum monthly amount required by Chase. She made her final payment on September 15, 2006. After purchasing the account from Chase Bank, Dodeka did not file suit on this account until March 15, 2010. The trial court found Campos breached her contract with Chase on January 22, 2006 (thirty days after her last minimum monthly payment on December 23, 2005), when she failed to make her next minimum monthly payment. Accordingly, the trial court concluded Dodeka filed suit outside the four-year statute of limitations. Dodeka asserts its lawsuit was timely-filed because the breach did not occur until sometime after Campos made her final payment on September 15, 2006.

## A. Breach of Contract vs. Open Account

Dodeka filed suit against Campos alleging breach of contract, and this was the only claim against Campos at trial. However, on appeal, Dodeka urges this court to treat the action as a suit on an open account. Dodeka argues that although it did not include an open account claim in its pleadings, it was nevertheless tried as an open account because Campos impliedly consented to that action. We disagree with Dodeka.

We find nothing in the record to suggest the suit was tried by consent as a suit on an open account. Additionally, Dodeka did not bring this action as an open account in any of the pleadings to the trial court. *Cf. LTD Acquisitions, LLC v. Cook*, No. 04-10-00296-CV, 2011 WL 61634, at *2 (Tex. App.—San Antonio Jan. 5, 2011, no pet.) (determining that although LTD did not originally plead the claim as an open account, it did so in its motion to reconsider filed with the trial court, thus allowing appellate review on the open account claim). As a result, we must

next consider whether the statute of limitations had already expired by the time Dodeka brought its breach of contract claim.

## B.  Statute of Limitations

The statute of limitations on a claim for debt based on breach of contract is "four years after the day the cause of action accrues."  TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3) (West 2002); *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 234 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  In *Williams*, the credit card debtor, Williams, stopped making payments and his account was closed by Citibank on January 12, 2001.  264 S.W.3d at 232–33.  However, Williams made several payments after this date, with his final payment on October 15, 2001.  *Id.*  Unifund purchased the account from Citibank in June 2005.  *Id.*  Williams argued that because Unifund did not file suit until August 19, 2005, the statute of limitations barred Unifund's breach of contract claim.  *Id.* at 234.  The court held the date of the last payment on October 15, 2001 was when the cause of action for breach of contract accrued.  *Id.*  The court concluded Unifund filed suit within the four-year statute of limitations for a breach of contract claim.  *Id.*

Here, it is undisputed that Campos made her last payment in the required minimum amount on December 23, 2005.  However, she continued to make periodic payments until September 15, 2006, which was the date of her final payment.  Because Dodeka's suit was for breach of contract, as in *Williams*, we cannot say as a matter of law that the cause of action accrued on January 22, 2006.[1]  Instead, we conclude that, at the earliest, the date of the last

---

[1] On rehearing, Campos argues *Williams* is distinguishable from this appeal because, unlike here, in *Williams* there was no contract that defined when a breach occurred and Unifund did not specify a theory of recovery in its motion for summary judgment.  Therefore, Campos concludes, the *Williams* court used its "judicial discretion" to select the date Williams ceased making payments as the date of breach.  We disagree with Campos's reading of *Williams*.  The *Williams* court treated Unifund's claim as one for breach of contract and, because the lawsuit was filed within four years of the last payment, the court concluded Unifund's claim was timely.  264 S.W.3d at 234.  Here, the credit card agreement between Chase and Campos states: "We *may* consider you to be in default if any of these occurs

payment (September 15, 2006) determined the accrual date for purposes of the statute of limitations. Because this action commenced on March 15, 2010, Dodeka brought suit within the four-year statute of limitations. Accordingly, the trial court erred in concluding Dodeka violated the FDCPA.

## EVIDENTIARY CHALLENGE TO BUSINESS RECORDS AFFIDAVIT
## UNDER TEXAS RULE OF EVIDENCE 803(6)

In support of its claim against Campos, Dodeka offered into evidence an Affidavit of Assignment, Damages, and Business Records signed by Holly Chaffin. Attached to the affidavit were business records obtained by Dodeka from Chase.[2] Campos raised a hearsay objection and argued that the documents attached to Chaffin's affidavit were not admissible because both the affidavit and the documents were untrustworthy. The trial court found Dodeka did not lay a sufficient predicate to admit the documents into evidence under the Texas Rules of Evidence and excluded the affidavit and attached records. As a result, with no evidence to support Dodeka's claim, the trial court rendered a take-nothing judgment against Dodeka. On appeal, Dodeka contends the trial court abused its discretion by failing to admit these records into evidence.

We review the exclusion of evidence under an abuse of discretion standard. *McEwen v. Wal–Mart Stores, Inc.*, 975 S.W.2d 25, 27 (Tex. App.—San Antonio 1998, pet. denied). Abuse of discretion is found when a trial court acts without reference to any guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999). We will uphold the trial court's ruling on

---

. . . . If we consider your account to be in default, we *may* close your account without notice and require you to pay your unpaid balance immediately. We *may* also require you to pay interest at the rate of two percent (2%) a month on the unpaid balance when we deem your account to be six or more billing cycles past due." (Emphasis added.) Chase did not exercise its right to consider Campos in default when she failed to make her next minimum payment on January 22, 2006. Instead, the account remained open for her continued use and she continued to make payments until September 15, 2006.

[2] The records attached to Chaffin's affidavit include: (1) the credit card member agreement between Chase and Campos; (2) a document indicating Dodeka purchased Campos's account; (3) eighteen monthly Chase statements, dating from August 2005 through January 2007; and (4) Dodeka's demand letter to Campos.

the exclusion of evidence if there is any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).

A proponent of hearsay must bear the burden of showing that testimony fits within an exception to the general rule prohibiting admission of the hearsay evidence. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2004); *see also* TEX. R. EVID. 802. A business record that contains information concerning activity that is regularly conducted is one exception. TEX. R. EVID. 803(6) (stating that "[a] . . . record . . . made at or near the time by, . . . a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the . . . record . . . " is not excluded as hearsay). The business records may also be "admissible in evidence in any court in this state upon the affidavit of [a] person" that can satisfy the requirements of Rule 803(6). *Id.* R. 902(10), 803(6).

Additionally, a business record created by one entity that later becomes another entity's primary record is still admissible as a record of regularly conducted activity under Rule 803(6). *Martinez v. Midland Credit Mgmt., Inc*., 250 S.W.3d 481, 485 (Tex. App.—El Paso 2008, no pet.). However, documents received from another entity are not admissible under Rule 803(6), if the sponsoring witness is not qualified to testify about the other entity's record keeping. *Id.* A witness is qualified to testify about the documents of another entity if it can be established the documents were kept in the ordinary course of business and the documents formed the basis for the ongoing transactions. *Abrego v. Harvest Credit Mgmt. VII, LLC*, No. 13-09-00026-CV, 2010 WL 1718953, at *3 (Tex. App.—Corpus Christi-Edinburg Apr. 29, 2010, no pet.) (mem. op.).

Campos contends Chaffin did not have sufficient personal knowledge to attest to Chase's business records because Dodeka is a third party who purchased the account and was not the original author of the documents. Further, Campos argues that Chaffin is not qualified to testify

about Chase's documents because she did not indicate that she or anyone from Dodeka knew of the events or conditions recorded in Chase's records or had knowledge of the manner in which Chase prepared the documents. But, "a record may be 'made' by a business although it was initially authored by a different business." *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 244 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Personal knowledge by a third party of the procedures used in preparing the original documents is not required when the documents are incorporated into the business of the third party, are relied upon by the third party, and there are other indicators of reliability. *Id.* (citing *Air Land Forwarders, Inc. v. United States*, 172 F.3d 1338, 1343 (Fed. Cir. 1999)).

Thus, in order to introduce business records authored or created by a third party, the proponent must establish three factors: (a) the document is incorporated and kept in the course of the testifying witness's business; (b) that business typically relies upon the accuracy of the contents of the document; and (c) the circumstances otherwise indicate the trustworthiness of the document. *Id.* at 240-41.

In her affidavit, Chaffin recited she was "personally acquainted with the facts" stated in the affidavit and that they are "true and correct." Her affidavit further states she is the custodian of Dodeka's records, and that she is familiar with how these records are prepared and maintained. She states that she reviewed the file, that she is the designated agent for the records, she has personal knowledge of Campos's account concerning this claim, she has maintained these files under her control and supervision, and that Campos's account remains unpaid. The affidavit explains how Dodeka acquired Campos's account, and the affidavit indicates Dodeka's records, which include Campos's credit account, were "made at or near the time or reasonably soon after the act" by an employee "with knowledge of the act [or] event." In referencing the

numerous pages of records attached to her affidavit, Chaffin states Dodeka acquired the records from Chase Bank, USA, N.A. Further, Chaffin's affidavit states the documents are kept "in the regular course of business" and incorporated into Dodeka's business practices. Dodeka produced evidence that it reasonably relied on the accuracy of the documents to determine the existence and value of Campos's debt that is now due to Dodeka. Chaffin attests to Dodeka's reliance on the accuracy of the records created by Chase in her affidavit. We conclude Chaffin's affidavit sufficiently shows Dodeka incorporated the Chase records into its regular and daily business use, and Dodeka reasonably relied upon the accuracy of the documents it received from Chase in order to determine the existence and value of Campos's debt that is now due to Dodeka.

Finally, Campos contends the records themselves are untrustworthy. However, we note that the creator of the documents, Chase, must keep careful records of its customer's accounts, otherwise its "business would greatly suffer or even fail." *Id.* at 244 (quoting *Harris v. State*, 846 S.W.2d 960, 964 (Tex. App.—Houston [1st Dist.] 1993, writ ref'd)). Furthermore, if Chase failed to keep accurate records, it could face criminal or civil penalties. *Id.*; *see also* TEX. FIN. CODE ANN. § 392.304(a)(8) (West 2006) (prohibiting consumer debt misrepresentation); TEX. FIN. CODE § 392.402 (providing criminal penalties for violations of Chapter 392 of the Texas Finance Code). We believe these circumstances lend support to Dodeka's claim that the Chase documents are trustworthy.

For these reasons, we conclude the trial court erred when it sustained Campos's objection to Chaffin's affidavit and the attached records. Therefore, we next determine whether the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1) (when trial court errs, we reverse only if the error probably caused the rendition of an improper judgment); *Bay Area Healthcare Grp., Ltd. v. McShane*, 239 S.W.3d 231, 234 (Tex. 2007)

(same). In order to show harm from an evidentiary ruling, the complaining party must demonstrate the judgment turns on the particular evidence denied by the trial court. *See McShane*, 239 S.W.3d at 234. Because its documents were not admitted into evidence, Dodeka was prevented from presenting its case against Campos. Therefore, the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a)(1).

## CONCLUSION

Because the statute of limitations had not yet expired when Dodeka filed suit, we reverse the trial court's judgment on Campos's counterclaim under the FDCPA and render a take-nothing judgment in favor of Dodeka on that claim. Because we conclude the trial court erred by not admitting Dodeka's business records into evidence, we reverse the take-nothing judgment against Dodeka and remand this cause to the trial court for further proceedings as to Dodeka's claim for breach of contract.

Sandee Bryan Marion, Justice