ACCEPTED
01-14-00571-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/9/2015 5:57:48 PM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 01-14-00571-CV

IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/9/2015 5:57:48 PM
CHRISTOPHER A. PRINE
Clerk

**TED KALDIS AKA TED LEFTERIS KALDIS,**
Appellant,

VS.

**CREST FINANCE,**
Appellee.

ON APPEAL FROM THE 281 DISTRICT COURT
OF HARRIS COUNTY, TEXAS
The Honorable Sylvia Matthews, Presiding
Cause No. 2012-71189

**THE APPELLANT'S REPLY BRIEF**

Gus E. Pappas
State Bar No. 15454850
Nicole M. Hilburn
State Bar No. 24055663
DABNEY & PAPPAS
1776 Yorktown, Suite 425
Houston, Texas 77056
(713) 621-2678 Telephone
(713) 621-0074 Facsimile
gus@dabneypappas.com
ATTORNEYS FOR APPELLANTS

ORAL ARGUMENT REQUESTED          January 9, 2015

**TABLE OF CONTENTS**

**Page**

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Index of Authorities.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Objection to Regulated Lending Portion of Appellee's Brief. . . . . . . . . . . . . . . . 2

Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.     APPELLEE'S CLAIM AGAINST APPELLANT IS BARRED BY THE STATUTE OF LIMITATIONS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Conclusion and Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Certificate of Service.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Certificate of Compliance .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . 7

## INDEX OF AUTHORITIES

**TEXAS SUPREME COURT CASES**

*Barker v. Eckman*, 213 S.W.3d 306 (Tex. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . 3

**APPELLATE COURT CASES**

*Bicknell v. Wells Fargo Bank, N.A.*, No. 11-08-00203-CV, 2010 WL 1635832
(Tex. App.-Beaumont Apr. 22, 2010, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Colvin v. Tex. Dow Emps. Credit Union*, No. 01-11-00342-CV,
2012 WL 5544950 (Tex. App.-Houston [1st Dist.] 2012, no pet.).. . . . . . . . . . . . . 3

*Dodeka, L.L.C. v. Campos*, 377 S.W.3d 726
(Tex. App.-San Antonio 2012, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES**

TEX. CIV. PRAC. & REM. CODE § 16.004(a)(3). . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

TEX. CIV. PRAC. & REM. CODE § 16.004(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

TEX. R. APP. P. 38.1(k)(1)(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CAUSE NO. 01-14-00571-CV

---

**IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS**

---

**TED KALDIS AKA TED LEFTERIS KALDIS,**
Appellant,

VS.

**CREST FINANCE,**
Appellee.

---

ON APPEAL FROM THE 281 DISTRICT COURT
OF HARRIS COUNTY, TEXAS
The Honorable Sylvia Matthews, Presiding
Cause No. 2012-71189

---

**THE APPELLANT'S REPLY BRIEF**

---

TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:

COMES NOW, TED KALDIS AKA TED LEFTERIS KALDIS, Appellant

herein, and files this his brief in support of his prayer that this Court reverse the trial

court's entry of its May 22, 2014 Final Judgment and render a take nothing judgment

in its place, and for such other and further relief, at law and in equity, to which the

Appellant is entitled.

1

**OBJECTION TO REGULATED LENDING PORTION OF APPELLEE'S BRIEF**

Appellant objects to the regulated lending section of Appellee's Brief, which begins on page 13, as it contains no cites to case law or other legal authority other than The Truth and Lending Act, and even then, only general cites are included. Additionally, the Appellee failed to include the Truth and Lending Act in its Appendix, as required by Texas Rule of Appellate Procedure 38.1(k)(1)(c). By failing to include the Truth and Lending Act in its Appendix and only citing the same generally, Appellant is unable to properly address the Truth and Lending Act's applicability to Appellee's arguments as to the same. Accordingly, the Court should disregard the regulated lending arguments by Appellee beginning on page 13 of Appellee's Brief.

**ARGUMENT**

**I.    APPELLEE'S CLAIM AGAINST APPELLANT IS BARRED BY THE STATUTE OF LIMITATIONS.**

Appellee asserts that Appellant has not objected to any specific finding of fact or conclusion of law. However, it is clear from Appellant's Brief, Appellant clearly takes issue and objects to Conclusions of Law 2,3,4, 5, and 6.

In that regard, now that Appellee is changing its position in that it is no longer claiming its lawsuit was filed on a suit on sworn account, it is clear that the trial court's May 22, 2014 Final Judgment should be reversed and a take nothing judgment

rendered by this Court. The trial court's findings of fact and conclusions of law, which resulted in a judgment favorable to the Appellee, were based on law applicable to suits on sworn account, and not suits such as this one, which are based on the non-payment of a debt.

A suit on a debt must be brought "not later than four years after the day the cause of action accrues,"[1] and regardless of whether a debt results from credit card agreement or a line of credit, as is the case here, in a suit for the non-payment of debt, the cause of action accrues from the date of default based on the general rule that a breach of contract action accrues immediately upon a breach. See *Colvin v. Tex. Dow Emps. Credit Union*, No. 01-11-00342-CV, 2012 WL 5544950, at *9 (Tex. App.-Houston [1st Dist.] 2012, no pet.); *Bicknell v. Wells Fargo Bank, N.A.*, No. 11-08-00203-CV, 2010 WL 1635832, at *2 (Tex. App.-Beaumont Apr. 22, 2010, no pet.) (mem. op.) (holding, in an action by Wells Fargo Bank to recover debt on two lines of credit, Wells Fargo's cause of action accrued when the default occurred.) See *Barker v. Eckman*, 213 S.W.3d 306, 311 (Tex. 2006). Accordingly, to the well established law cited herein above and in Appellant's Brief, Appellee's claims against Appellant accrue from Appellant's alleged default on or about September 6, 2008. *Dodeka, L.L.C. v. Campos*, 377 S.W.3d 726 at 730 (breach of contract occurred thirty

---

[1] Tex. Civ. Prac. & Rem. Code Ann. §16.004(a)(3).

days after last minimum monthly payment was made.) Here, the last minimum monthly payment was made on August 7, 2008, with the next payment being due on or before September 5, 2008 under the Agreement.[2] The Appellee waited to file the suit until December 3, 2012,[3] **three (3) months** late given its September 4-5, 2012 deadline to do so based on the applicable four year statute of limitations. Therefore, Appellant's debt collection/breach of contract claim is barred by the statute of limitations under Texas Civil Practice & Remedies Code § 16.004(a)(3), as the cause of action accrued more than four years prior to the Appellee filing suit.

In Appellee's Brief, the Appellee cites to Section 16.004(c) of the Texas Civil Practice and Remedies Code for the proposition that the Appellee's cause of action against the Appellant accrued on the day the dealings between the parties ceased. However, based on the facts of this case and the Appellee's representations to the Court, both in its pleadings and at trial, the basis of this lawsuit was Appellant's non-payment of debt,[4] and, therefore, this case falls under Texas Civil Practice & Remedies Code §16.004(a)(3), not Texas Civil Practice & Remedies Code §16.004(c), and pursuant to §16.004(a)(3), Appellee's December 3, 2012 petition was filed beyond the applicable statute of limitations.

---

[2] R. R. Vol. 2, p. 53.

[3] C.R. Vol. 1, p. 4-27.

[4] C.R. p. 4-6; R.R. Vol. 1 p. 8, line 23 and 24; Vol. 1 p. 20, line 12

4

Based on the above and foregoing, the Court should reverse the trial court's final judgment in this case and render a take nothing judgment in its place.

## CONCLUSION AND PRAYER

The trial court erroneously entered judgment in favor the Appellee in light of the statute of limitations barring the Appellee's claim against the Appellant, requiring reversal as requested herein.

WHEREFORE, PREMISES CONSIDERED, Appellant prays that upon a hearing of this appeal, the Court reverses the trial court's entry of its May 22, 2014 Final Judgment and render a take nothing judgment in its place, and for such other and further relief, at law and in equity, to which the Appellant is entitled.

Respectfully submitted,

DABNEY & PAPPAS

By: /s/ Gus E. Pappas
    Gus E. Pappas
    State Bar No. 15454850
    Nicole M. Hilburn
    State Bar No. 24055663
    1776 Yorktown, Suite 425
    Houston, Texas 77056
    713-621-2678 Telephone
    713-621-0074 Facsimile
    gus@dabneypappas.com
    nicole@dabneypappas.com

ATTORNEYS FOR APPELLANTS

## CERTIFICATE OF SERVICE

In accordance with TEX. R. CIV. P. 21a, I, Gus E. Pappas, counsel for the Appellants, do hereby certify that a true and correct copy of the foregoing Appellant's Reply Brief was served on the Appellee, by and through its attorney of record, Andrew Olivo, 1622 E. Beltline Rd, Suite 100, Carrollton, Texas 75006, *via facsimile,* on this the 9th day of January, 2015.

/s/ Gus E. Pappas
Gus E. Pappas

## CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4

1.  This reply brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(c), because this reply brief contains 936 words.

2.  This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) and the type style requirements of Tex. R. App. P. 9.4(e), because this Reply Brief has been prepared in proportionally space typeface using WordPerfect 12 in 14 point font size in Times New Roman typeface.

Dated:       January 9, 2015

/s/ Gus E. Pappas
Gus E. Pappas