ACCEPTED
01-14-00571-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
4/17/2015 4:47:11 PM
CHRISTOPHER PRIN
CLERK

CAUSE NO. 01-14-00571-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
4/17/2015 4:47:11 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE COURT OF APPEALS
FOR THE FIRST JUDICIAL DISTRICT
HOUSTON, TEXAS**

**TED KALDIS AKA TED LEFTERIS KALDIS,**
Appellant,

VS.

**CREST FINANCE,**
Appellee.

ON APPEAL FROM THE 281 DISTRICT COURT
OF HARRIS COUNTY, TEXAS
The Honorable Sylvia Matthews, Presiding
Cause No. 2012-71189

**APPELLANT'S FIRST MOTION FOR REHEARING**

TO THE HONORABLE FIRST COURT OF APPEALS:

COMES NOW, the Appellant, TED KALDIS, AKA TED LEFTERIS KALDIS, (hereinafter the "Appellant"), and pursuant to Rule 49 *et seq.*, of the Rules of Appellate Procedure and submits this his First Motion for Rehearing in the above-styled and numbered cause, and in support thereof would show the Court the following:

1

# I.
## PROCEDURAL POSTURE

On or about May 25, 2007, Appellant entered into an agreement with the Appellee's predecessor in interest, Wachovia Bank, for a line of credit in the amount of $50,000.00, (the "Agreement"). (R.R. Vol 2, p. 5-12). The Agreement required minimum monthly payments be made by Appellant, which Appellant made for a period of time. (R.R. Vol. 2, p. 7). However, Appellant made his last payment under the Agreement on or around August 7, 2008. (R.R. Vol. 1, p. 38; R.R. Vol. 2, p. 53). Accordingly, Appellant defaulted on the Agreement when he failed to pay the next payment due under the same on or about September 6, 2008.

On December 3, 2012, Appellee filed suit and asserted a sole cause of action, non-payment of a debt, the filing of which lawsuit was, ostensibly, more than four (4) years after Appellant's default under the Agreement, September 6, 2008. (C.R. Vol. 1, p. 4). Appellee's Original Petition did not specifically assert a suit on a sworn account cause of action against the Appellant, nor did it contain the requisite suit on a sworn account language, the required supporting affidavit, nor, otherwise, contain a systematic, itemized statement of the goods or services sold, or reveal offsets made to the account. (C.R. Vol. 1, p. 4-16). The Court signed a Final Judgment for Appellee on May 22, 2014. (C.R. Vol. 1, p. 53). Appellant then requested the

issuance of findings of fact and conclusions of law on June 10, 2014. (C.R. Vol. 1, p. 54-55). Thereafter, the Court issued its Findings of Fact and Conclusions of Law on June 16, 2014. (C.R. Vol. 1, p. 56-59). On June 26, 2014, Appellant requested the issuance of additional findings of fact and conclusions of law. (C.R. Vol. 1, p. 60-62). Thereafter, the Appellant filed a notice of past due additional findings of fact and conclusions of law on July 8, 2014. (C.R. Vol. 1, p. 63). Appellant timely filed his Notice of Appeal on July 3, 2014. (C.R., Vol. 1, p. 67-70). This Court issued its Judgment and Memorandum Opinion on March 12, 2015.

The Appellant's First Motion for Rehearing challenges the basis for this Court's opinion of March 12, 2015, and requests that the same be vacated.

## II.
### SUMMARY OF MOTION

The Appellee did not plead an open account claim, nor did it describe the Agreement as on open account in its pleadings. The Appellee's pleadings plainly state that the only claim brought by the Appellee was for the "nonpayment of debt." Accordingly, the Appellee should not prevail in this case on an open account claim, which it failed to plead.

## III.
### ARGUMENTS AND AUTHORITY

The Appellee did not plead an open account claim, nor did it describe the

3

Agreement as on open account in its pleadings. The only claim brought by the Appellee was for the nonpayment of debt. (C.R. Vol. 1, p. 4-5). While the claim could perhaps be read as a Breach of Contract claim, there is no mention of an open account in Appellee's petition[1] and, therefore, the petition cannot be read to include a claim on an open account.

As liberally as the Court would have to construe the Appellee's Petition in this case to read it to include a claim for an open account, any breach of contract claim could be read to include a claim on a sworn account, as any party to breach a contract calling for their payment of money would still owe money due to be tendered. That cannot be the case, because the San Antonio Court of Appeals found *in Dodeka v. Campos* that, while a breach of contract claim was plead, a claim on open account was not.

In its March 12, 2015 Opinion, the Court compares this case to *Dodeka, L.L.C. v. Campos*, 377 S.W.3d 726, 730 (Tex. App.–San Antonio 2012, no pet), and *LTD Acquisitions, LLC v. Cook*, No . 04-10-00296-CV, 2011 WL 61634 at *2 (Tex. App.–San Antonio Jan. 5, 2011, no pet.)(mem. op.).However, while the Court appears to have determined that of the two cases, this case is factually more similar to *LTD Acquisitions, LLC v. Cook*, the Appellant respectfully disagrees and would ask the

---

[1] C. R. Vol. 1, p. 4-5

4

Court to reconsider its position in that regard, as from Appellant's perspective, this case is procedurally identical to *Dodeka, L.L.C. v. Campos*.

In *Dodeka, L.L.C. v. Campos*, Dodeka filed suit against Campos for the nonpayment of credit card debt. At the time of trial, the only claim against Campos was for breach of contract. Campos defended Dodeka's claim with a statute of limitations. The trial court concluded that Campos' breach of contract occurred thirty days after Campos made her last minimum monthly payment when she failed to make her next minimum monthly payment , and that since Dodeka filed suit more than four years after that time, its claims was time barred. Accordingly, the trial ruled in favor of Campos. Dodeka appealed urging the San Antonio Court of Appeals to treat the action as a suit on open account claim even though there had been no open account claims included in his trial court pleadings, arguing that the case was tried by consent as an open account claim. The San Antonio Court of Appeals disagreed and ruled in favor of Campos on that point of error. Where Campos lost the appeal was that Campos made periodic payments after its last minimum monthly payment, so the San Antonio Court of Appeals recalculated the statute of limitations to determine it ran from Campos' last payment of any kind.

The case currently before this Court mirrors *Dodeka, L.L.C. v. Campos* exactly with the only exception being that the Appellant's last payment of any kind to

Appellee fell more than four (4) years before Appellee filed suit. Exactly like in *Dodeka, L.L.C. v. Campos*, the Appellee/Plaintiff in this case failed to plead an open account claim prior to trial prior to trial. Admittedly, in *LTD Acquisitions, LLC v. Cook*, the San Antonio Court of Appeals considered a post-trial motion to reconsider sufficient pleadings to allow the trial court to consider the Plaintiff's claim in that case as an open account, but the Appellee in this case (Crest Finance) did not file any post-trial pleadings or motions, *i.e.*, a motion for leave to amend pleadings. A trial brief is not a pleading, nor should it be allowed to satisfy Appellee's responsibility to plead its claims prior to trial, so that the Defendant/Appellant would have some notice as to the claims he was expected to defend at trial. See TEX. R. CIV. P. 47(a).

Noteably, in opinion, the San Antonio Court of Appeals cited *LTD Acquisitions, LLC v. Cook*, the earlier case out of the San Antonio Court of Appeals that this Court used to support its opinion in this case. In citing *LTD Acquisitions, LLC v. Cook*, the San Antonio Court of Appeals distinguished *Dodeka, L.L.C. v. Campos* from *LTD Acquisitions, LLC v. Cook* by noting that there were no trial court pleadings filed by Dodeka in which Dodeka asserted an open account claim, whereas in *LTD Acquisitions, LLC v. Cook*, the Plaintiff filed a Motion to Reconsider in which it plead its case as an open account. As was the case in *Dodeka, L.L.C. v. Campos*, the Plaintiff in this case, now the Appellee, did not file trial court pleadings pleading its

6

case as an open account.

In light of Appellee's lack of pleadings on an open account, the trial court erred in considering the Appellee's claims as an open account in calculating the statute of limitations for the purpose of determining the applicable statute of limitations to Appellee's claim. Accordingly, this Court should rule as the San Antonio Court did in *Dodeka, L.L.C. v. Campos*, in favor of the party against whom insufficient pleadings were plead. After all, Appellee had the burden of proof in this case, as well as the burden of giving the Appellant fair notice of its claims against him, which the Appellee failed to do in this case.

## IV.
### CONCLUSION AND PRAYER

Based on the above and foregoing, the Appellant requests that the Court reconsider its Opinion, vacate the same, and issue a new Opinion in favor of the Appellant.

WHEREFORE, PREMISES CONSIDERED, Appellant, TED KALDIS, AKA TED LEFTERIS KALDIS, requests that this Court grant his First Motion for Rehearing and upon the same, vacate its March 12, 2015 Judgment, and issue an opinion, which reverses the trial court's judgment, and for such other and further relief to which Appellant is entitled.

Respectfully submitted,

DABNEY & PAPPAS

By: /s/ Nicole M. Hilburn
    Gus E. Pappas
    State Bar No. 15454850
    Nicole M. Hilburn
    State Bar No. 24055663
    1776 Yorktown, Suite 425
    Houston, Texas 77056
    713-621-2678 Telephone
    713-621-0074 Facsimile
    gus@dabneypappas.com
    nicole@dabneypappas.com

ATTORNEYS FOR APPELLANTS

### CERTIFICATE OF SERVICE

In accordance with TEX. R. CIV. P. 21a, I, Nicole M. Hilburn, counsel for the Appellants, do hereby certify that a true and correct copy of the foregoing Appellant's First Motion for Rehearing was served on the Appellee, by and through its attorney of record, Andrew Olivo, 1622 E. Beltline Rd, Suite 100, Carrollton, Texas 75006, *via facsimile,* on this the 17th day of April, 2015.

/s/ Nicole M. Hilburn
Nicole M. Hilburn

**CERTIFICATE OF COMPLIANCE WITH TEX. R. APP. P. 9.4**

1.   This brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i)(2)(D), because this Motion for Rehearing contains 1,428 words.

2.   This brief complies with the requirements of Tex. R. App. P. 9.4 and the type style requirements of Tex. R. App. P. 9.4(e), because this Motion for Rehearing has been prepared in proportionally space typeface using WordPerfect 12 in 14 point font size in Times New Roman typeface.

Dated: April 17, 2015

/s/ Nicole M. Hilburn
Nicole M. Hilburn
