

## NUMBER 13-17-00115-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JAMIE MARSHALL,            Appellant,

v.

CROWN ASSET MANAGEMENT, LLC,            Appellee.

**On appeal from the 156th District Court
of Aransas County, Texas.**

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Contreras and Hinojosa
Memorandum Opinion by Chief Justice Valdez**

Appellee Crown Asset Management, LLC (Crown) sued appellant Jamie Marshall

for breach of contract and stated account to recover $5,820.82 in unpaid credit card debt.[1]

The lawsuit was filed in February 2016. After a bench trial, the trial court entered

---

[1] According to Crown's petition, First National Bank of Omaha (FNBO) originally issued the credit card to Marshall, and the account was subsequently assigned to Crown. For ease of reference, we will refer to FNBO as Crown throughout the opinion.

judgment for Crown and rejected Marshall's defense under the statute of limitations. Marshall prosecutes this appeal without a reporter's record of the bench trial. By one issue, Marshall contends that the trial court's judgment should be reversed because Crown's suit was barred by the four-year statute of limitations. We affirm.

## I. Standard of Review

Marshall asserted limitations as a defense to Crown's lawsuit, so she had the burden to prove it at trial. *See* TEX. R. CIV. P. 94; *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). To reverse the trial court's judgment based on limitations, Marshall shoulders the burden on appeal to demonstrate that the evidence conclusively established her limitations defense as a matter of law. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001).

## II. Applicable Law

Recovery under a breach-of-contract claim requires proof of four elements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 407 (Tex. App.—El Paso 2009, no pet.).

The elements of a claim for stated account include: "(1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due, and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness." *Id.* at 407.[2]

---

[2] Closely related to a suit on a stated account is a suit on an open account. The elements of an open account include: "[1] transactions between the parties, [2] creating a creditor-debtor relationship through the general course of dealing, [3] with the account still being open, and with the expectation of further dealing." *Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 408 (Tex. App.—El Paso 2009, no pet.).

Crown's claims for breach of contract and stated account are subject to a four-year statute of limitations, so Crown was required to bring these claims "not later than four years after the day the [claims] accrue[d]."  TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3), (c) (West, Westlaw through 2017 1st C.S.).  Generally, a claim is said to "accrue" when facts come into existence that authorize the claimant to seek a judicial remedy.  *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003).  However, Texas law defines the accrual date for a claim on an open or stated account with more precision than the general rule—specifically, a claim on an open or stated account accrues "on the day that the dealings in which the parties were interested together cease."  TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(c).

### III.    Analysis

Crown filed suit in February 2016.  Thus, in order to prevail on her limitations defense as to Crown's claims for breach of contract and stated account, Marshall shouldered the burden to prove that those claims accrued before February 2012—i.e., more than four years before suit was filed.  Although Marshall does not provide us with a reporter's record of the evidence presented at the bench trial, we do have written findings and conclusions entered by the trial court after the bench trial.  We rely on these findings to determine whether, as Marshall asserts, the trial court erred in rejecting her limitations defense.  The relevant findings are set out as follows:

FINDINGS OF FACT

1. [Marshall] applied for, and was issued, the Visa credit card that was in the Original Petition in this case.

---

An open account can become a stated account when the debtor acknowledges that the balance is correct and unpaid.  *See Scofield v. Lilienthal*, 268 S.W. 1047, 1049 (Tex. Civ. App.—Waco 1925, no writ).

3

2. [Marshall] understood that she was ultimately obligated to pay on that credit card.

3. The amounts owed, as shown on the credit card statement, were correct.

4. [Marshall] has previously made payments on this card account.

5. [Marshall] has not made any payment on this account in the past four years.[3]

6. . . . .

7. The account statement, from October, 2012, shows interest and fees applicable for that month and the balance due on that statement is the amount for which [Crown] has brought suit.

8. The credit reports offered in [Marshall's] pleadings make no reference to the account sued upon in this case.

9. The Original Petition was filed less than four years from the date of last account statement and account activity on the subject credit card account.

10. [Marshall was served with the lawsuit] less than four years from the date of last activity on the subject credit card account.

11. No evidence was presented regarding the date of the last purchase/charge on the subject account.

12. No evidence was presented regarding the date of the last payment on the subject account.

CONCLUSIONS OF LAW

1. [Crown] established . . . the existence of a contract between [Marshall] and [Crown].

2. . . . .

3. [Crown] established . . . a breach of the contract[.]

4. [Crown] established . . . a stated account for which [Marshall] is liable.

5. . . . .

_____

[3] It is not clear whether the trial court found that Marshall made no payment in the four years prior to the time suit was filed in February 2016 or in the four years prior to the time of the bench trial in January 2017.

6. [Marshall] failed to establish facts that supported application of any limitations relief to which she should be entitled.

## A. Accrual

According to Marshall, the trial court's rejection of her limitations defense was premised on a faulty legal conclusion as to when Crown's claims accrued. Specifically, Marshall asserts that the trial court erroneously determined that Crown's claims accrued in October 2012 (three years, four months before Crown filed suit) based on the last account statement that Crown sent to Marshall. Marshall argues that Crown's claims did not accrue on that date but instead accrued earlier, when she stopped making payments on the credit card.

To support this position, Marshall relies on *Dodeka, L.L.C. v. Campos*, 377 S.W.3d 726, 731 (Tex. App.—San Antonio 2012, no pet.). In *Dodeka*, the San Antonio court held that a creditor's claim for breach of contract accrued on the date that the debtor stopped making payments on her credit card. *Id.* However, Marshall's reliance on *Dodeka* is misplaced.

First, in *Dodeka*, the evidence established the date on which the debtor made her last payment, which undisputedly fell within the four-year limitations period. *See id.* Here, unlike in *Dodeka*, the date of last payment is unknown because, according to the trial court's twelfth finding above, Marshall presented "[n]o evidence . . . regarding the date of the last payment on the subject account." Thus, even if we were to adopt *Dodeka*'s holding that breach-of-contract claims in credit card cases accrue on the date of last payment, the evidence in this case does not conclusively establish the date of last payment. *See Dow Chem. Co.*, 46 S.W.3d at 241. It was Marshall's burden to prove her

5

limitations defense at trial. *See* Tex. R. Civ. P. 94; *Woods*, 769 S.W.2d at 517; *see also Dow Chem. Co.*, 46 S.W.3d at 241.

Second, *Dodeka* concerns the accrual date in debt collection cases that are pled solely as a breach of contract. The *Dodeka* court specifically said this in the opinion. *See Dodeka*, 377 S.W.3d at 730 (refusing to decide whether a suit on an open account accrues on the date of last payment because "Dodeka did not bring this action as an open account in any of the pleadings to the trial court" but instead relied only on a breach-of-contract theory); *Kaldis v. Crest Fin.*, 463 S.W.3d 588, 596 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (distinguishing *Dodeka* on the basis that the claim in that case was limited to breach of contract). Thus, *Dodeka* does not aid Marshall in establishing her limitations defense to Crown's claim for stated account, which we address immediately below.

## B. Stated Account

As previously mentioned, a claim for an open or stated account accrues "on the day that the dealings in which the parties were interested together cease." Tex. Civ. Prac. & Rem. Code Ann. § 16.004(c). Consequently, in order to prove her limitations defense to Crown's stated account claim, Marshall had to establish that dealings between her and Crown ceased prior to February 2012. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(c); *see also Dow Chem. Co.*, 46 S.W.3d at 241. Marshall maintains that the date of last payment should mark the date on which dealings between her and Crown ceased. However, again, the date of last payment is not known in this case. Furthermore, according to our legal research, the same court that decided *Dodeka*—the case on which Marshall relies—held a year earlier in *Conti* and *Cook* that proof of the date of last

6

payment is not conclusive evidence of the date on which the parties' dealings ceased for purposes of establishing a limitations defense to an *open account*, and therefore, the debtors in those cases did not prove their limitations defense as to that claim. *See Capital One Bank (USA), N.A. v. Conti*, 345 S.W.3d 490, 492 (Tex. App.—San Antonio 2011, no pet.); *see also LTD Acquisitions, LLC v. Cook*, No. 04-10-00296-CV, 2011 WL 61634, at *2 (Tex. App.—San Antonio Jan. 5, 2011, no pet.) (mem. op.). Thus, even if Marshall could establish that she last made a payment sometime before February 2012, that alone would not provide conclusive evidence of the date on which her dealings with Crown ceased, as is her burden on appeal.[4] *See Conti*, 345 S.W.3d at 492; *see also Cook*, 2011 WL 61634, at *2. Instead, the trial court could have found that, even if Marshall made her last payment sometime before February 2012, her dealings with Crown continued until the October 2012 account statement—i.e., until after February 2012—making Crown's suit on the stated account timely. Thus, even if we were to find that the trial court reversibly erred in rejecting Marshall's limitations defense to Crown's breach of contract claim under *Dodeka*, the record in this case would still support the trial court's rejection of Marshall's limitations defense to Crown's stated account under *Conti* and *Cook*. To prevail on appeal, Marshall shouldered the burden to conclusively establish her limitations defense as to both of Crown's claims. *See Dow Chem. Co.*, 46 S.W.3d at 241.

---

[4] We acknowledge that Crown pled a stated account rather than an open account, as was the case in *Conti* and *Cook*. However, that pleading distinction is without any meaningful difference. The reason is that, by statute, the accrual date for both open and stated accounts is governed by the same statutory standard—i.e., "on the day that the dealings in which the parties were interested together cease." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(c) (West, Westlaw through 2017 1st C.S.). Thus, we believe the rule stated in *Conti* and *Cook*—that proof of the date of last payment is not by itself conclusive evidence of the date upon which the parties' dealings ceased—applies to a credit card collection action pled as a stated account just as it does to one pled as an open account.

For the above reasons, we conclude that the trial court did not err in rejecting Marshall's limitations defense to Crown's claims for breach of contract and stated account.  We therefore overrule Marshall's sole issue.

## IV.    Conclusion

We affirm the trial court's judgment.


**/s/ Rogelio Valdez**
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
14th day of December, 2017.