**AFFIRMED and Opinion Filed November 7, 2018**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-17-01438-CV**

**MIKE MATKIN, Appellant**
**V.**
**AMERICAN EXPRESS CENTURION BANK, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-03442-B**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

Mike Matkin appeals a summary judgment rendered against him in this breach of contract suit brought by American Express Centurion Bank. Matkin contends the judgment was improper because the summary judgment evidence created an issue of fact as to whether some portion of the bank's claim was barred by the statute of limitations. Matkin additionally argues the evidence is insufficient to support the judgment because the bank failed to present an itemized statement of his account. We affirm the trial court's judgment.

The bank filed this suit on June 27, 2017 seeking to recover $7,964.93 in unpaid credit card debt. Matkin filed a general denial and asserted the affirmative defense of limitations. In August, the bank moved for a traditional summary judgment. As supporting evidence for its claim, the bank submitted the affidavit of Vivian Hinds, an assistant custodian of records for American

Express. Attached to the affidavit were a copy of Matkin's cardmember agreement and a statement showing the balance due on his account. Hinds stated the account was closed after Matkin stopped making payments. Hinds further testified there was no record of Matkin asserting a valid, unresolved objection to the balance shown on the statement.

In response to the motion, Matkin argued that many of the charges on the account were made outside the limitations period and the bank had the burden to present evidence that its claim was not time barred. In support of his response, Matkin submitted the affidavit of his attorney which included a summary of his account showing he made payments until September 2015. The trial court granted the bank's motion for summary judgment and awarded the full amount claimed together with costs of the proceeding. Matkin brought this appeal.

In a single issue, Matkin asserts two overlapping arguments. He contends (1) the summary judgment was improper because the bank failed to present evidence of when the individual charges on the account were made and (2) there is a question of fact regarding whether recovery on some of those charges was barred by limitations. We apply well known standards in our review of a traditional summary judgment. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex. 1985). The movant has the burden to demonstrate that no genuine issue of material fact exists as to the essential elements of his claim and he is entitled to judgment as a matter of law. *Id*. at 548–49. If the party opposing the motion relies on an affirmative defense to avoid summary judgment, that party has the burden to present evidence sufficient to raise a fact issue on each element of the defense. *See Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984).

Merely raising an affirmative defense will not, by itself, defeat a motion for summary judgment. *See Nicholson v. Mem'l Hosp. Sys.*, 722 S.W.2d 746, 749 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). A plaintiff is under no initial obligation to negate affirmative defenses when moving for summary judgment and the mere pleading of an affirmative defense

will not prevent summary judgment in favor of a plaintiff who establishes an absence of fact issues on his claim for relief. *See Holmes v. First Gibralter Bank, FSB*, No. 05-93-01632-CV, 1994 WL 370078, at *2 (Tex. App.—Dallas July 7, 1994, no writ) (not designated for publication). In this case, Matkin had the burden to present evidence sufficient to raise a fact issue on his limitations defense to defeat the bank's motion. *See Nicholson*, 722 S.W.2d at 749; *Holmes*, 1994 WL 370078, at *2.

The statute of limitations on a claim for debt based on breach of contract is four years after the date the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.004; *Dodeka, L.L.C. v. Campos*, 377 S.W.3d 726, 730 (Tex. App.—San Antonio 2012, no pet.). A claim for breach of contract based on credit card debt accrues on the date the last payment on the account is made. *See Dodeka*, 377 S.W.3d at 731. The summary judgment evidence submitted by Matkin showed he made his last payment on the account in September 2015. The bank filed suit in June 2017 which was well within the four-year limitations period.

Matkin's argument that the judgment is not supported by sufficient evidence is based on his assertion the bank had the burden to submit an itemized statement to show when the individual charges on the account were made to determine when the limitations period on each charge began. As discussed above, however, the accrual date of the bank's claim is the date of Matkin's last payment, not the dates the charges were made. *See Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 234 (Tex. App.—Houston [1st Dist.] 2008, no pet.). The bank had no burden to negate Matkin's limitations defense unless he came forward with evidence to create a fact issue on each element of that defense. *See Nicholson*, 722 S.W.2d at 749. Matkin's own evidence showed the bank's suit was brought timely. The account statement submitted by the bank showing the balance owed was sufficient evidence of the amount of the debt, and an itemized statement was not required. *See Ghia v. Am. Express Travel Related Servs.*, No. 14-06-00653-CV,

2007 WL 2990295, at *3 (Tex. App.—Houston [14th Dist.] Oct. 11, 2007, no pet.) (mem. op.).

We resolve Matkin's sole issue against him.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

171438F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MIKE MATKIN, Appellant

No. 05-17-01438-CV     V.

AMERICAN EXPRESS CENTURION
BANK, Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-17-03442-B.
Opinion delivered by Justice Francis.
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AMERICAN EXPRESS CENTURION BANK recover its costs of this appeal from appellant MIKE MATKIN.

Judgment entered November 7, 2018.