# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00266-CV

---

**Wells Fargo Bank, N.A., Appellant**

**v.**

**Express Limousines, Inc. n/k/a Groovy Automotive I, Inc.;
and Charles Delmonico, Appellees**

---

### FROM THE 353RD DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-19-000248, THE HONORABLE MARIA CANTÚ HEXSEL, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Wells Fargo Bank, N.A. (Wells Fargo), appeals from the district court's order rendering summary judgment in favor of Express Limousines, Inc. n/k/a Groovy Automotive I, Inc., (Groovy Automotive) and Charles Delmonico. Wells Fargo asserts that the trial court erred by granting Groovy Automotive and Delmonico's motion for summary judgment on the ground that Wells Fargo's breach of contract claim was barred by limitations. We will affirm.

## BACKGROUND

This is a breach of contract case arising out of a BusinessLine Customer Agreement (the Customer Agreement) between Groovy Automotive and Wells Fargo. In March 2003, Groovy Automotive executed and submitted a Wells Fargo Loan Application for Business Loans, Lines of Credit or Credit Card. Wells Fargo approved the application and opened the account that same month. The account was governed by the Customer Agreement. The

Customer Agreement provides that Groovy Automotive would be in default if it made a late payment, if a payment was rejected for insufficient funds, or if Groovy Automotive breached the Customer Agreement in any other way. The Customer Agreement prohibited Groovy Automotive from exceeding the account's credit limit, which was originally $35,000 but increased to $68,000 in 2006, and provided that exceeding the credit limit constituted a breach or default.

In early 2008, Groovy Automotive failed to make a payment due for January 2008. Thereafter, the account was in near continuous breach or default. In March 2009, for example, several of Groovy Automotive's payments were returned for insufficient funds. That year several more payments were returned for insufficient funds and Groovy Automotive also exceeded the credit limit. During the period from January 2008 through January 2015, the balance due exceeded $64,000 and on multiple occasions exceeded the $68,000 credit limit. The account was ultimately closed in October 2013. Groovy Automotive's last charge to the account was $143.95 in July 2012. Groovy Automotive's last payment on the account was in August 2014. The January 2015 statement indicated that Wells Fargo had charged off the account.

On January 14, 2019, Wells Fargo sued Groovy Automotive and Delmonico, whom it alleged was Groovy Automotive's guarantor, for breach of contract seeking to recover $69,543.64 in unpaid credit card debt. Groovy Automotive filed general and verified denials and asserted, as one of its affirmative defenses, that Wells Fargo's breach of contract claim was barred by the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code § 16.004(a)(3) (person must bring suit on action for debt not later than four years after day cause of action accrues); *Dodeka, L.L.C. v. Campos*, 377 S.W.3d 726, 730 (Tex. App.—San Antonio 2012, no pet.) (statute of limitations on claim for debt based on breach of contract is four years after day cause

2

of action accrues). The parties filed cross motions for summary judgment. In their motion, Groovy Automotive and Delmonico asserted that Wells Fargo's breach of contract claim was barred by the statute of limitations. After a hearing, the trial court signed an order granting Groovy Automotive and Delmonico's motion and denying Wells Fargo's. Wells Fargo then perfected this appeal. On appeal, Wells Fargo asserts that (1) the trial court erred in concluding that its breach of contract claim was barred by limitations and granting Groovy Automotive's motion for summary judgment, and (2) the trial court should have granted Wells Fargo's motion for summary judgment as to both Delmonico and Groovy Automotive.

## STANDARD OF REVIEW

We review the district court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166(a)(c); *Shell Oil Co. v. Khan*, 138 S.W.3d 288, 291 (Tex. 2004). When, as here, both parties move for summary judgment on overlapping issues and the trial court grants one motion and denies the other, we review the summary-judgment evidence presented by both sides, determine all questions presented, and render the judgment that the trial court should have rendered. *Texas Workers' Comp. Comm'n v. Patient Advocates of Tex.*, 136 S.W.3d 643, 648 (Tex. 2004); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). When the trial court does not specify the ground for its ruling, summary judgment must be affirmed if any of the grounds on which judgment was sought are meritorious. *State v. Nine Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency*, 390 S.W.3d 289, 292 (Tex. 2013).

3

Questions regarding which limitations provision applies and when a claim accrues are questions of law. *See Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex. 1990) (referring to question of which limitations statute applies as question of law); *see also Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 348 S.W.3d 194, 202 (Tex. 2011) ("Normally, when a cause of action accrues is a question of law.").

## DISCUSSION

Wells Fargo's claim was for breach of contract.[1] The statute of limitations on a claim for debt based on breach of contract is "four years after the day the cause of action accrues." Tex. Civ. Prac. & Rem. Code § 16.004(a)(3); *Williams v. Unifund CCR Partners Assignee of Citibank*, 264 S.W.3d 231, 234 (Tex. App.—Houston [1st Dist.] 2008, no pet.). In *Williams*, the credit card debtor, Williams, stopped making payments and Citibank closed his account on January 12, 2001. 264 S.W.3d at 232-33. Williams continued to make payments after the date the account was closed, and his final payment was made on October 15, 2001. *Id.* The court concluded that the cause of action for breach of contract accrued on the date of the last payment. *Id.*; *see also Dodeka*, 377 S.W.3d at 730 (date of last payment on credit card account constitutes accrual date for purposes of statute of limitations in claim for breach of contract based on credit card debt); *Matkin v. American Express Centurion Bank*, No. 05-17-01438-CV, 2018 WL 5816744, at *2 (Tex. App.—Dallas Nov. 7, 2018, no pet.) (mem. op.) ("A claim for

---

[1] Wells Fargo did not bring this action as an open account in any of the pleadings to the trial court. *Cf. LTD Acquisitions, LLC v. Cook*, No. 04-10-00296-CV, 2011 WL 61634, at *2 (Tex. App.—San Antonio Jan. 5, 2011, no pet.) (mem. op.) (determining that although LTD did not originally plead claim as open account, it did so in its motion to reconsider filed with trial court, thus allowing appellate review on open account claim). Thus, legal principles governing the accrual of an action on an open account and the associated limitations period are not implicated in this appeal.

4

breach of contract based on credit card debt accrues on the date the last payment on the account is made."). Here, it is undisputed that Groovy Automotive made its last payment on the account in August 2014. Thus, Wells Fargo's suit, filed in January 2019, was not brought within the four-year limitations period set forth in Texas Civil Practice and Remedies Code section 16.004(a)(3). *See* Tex. Civ. Prac. & Rem. Code § 16.004(a)(3).

Nevertheless, relying on *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001), Wells Fargo argues that its cause of action for breach of contract did not accrue until March 2015 when it sent a letter to Groovy Automotive and to Delmonico purporting to exercise its option to accelerate payment of the credit card account. Wells Fargo's reliance on *Holy Cross Church* is misplaced. In *Holy Cross Church*, the court considered whether limitations barred a breach of contract claim brought by the maker of a promissory note that included an optional acceleration clause and was secured by a deed of trust. *See id.* at 564. The precise question before the court was whether the noteholder was required to take affirmative steps towards foreclosure, in addition to serving the debtor with notice of acceleration, to effectively accelerate a note secured by real property and thereby trigger limitations. *Id.* The court began its analysis by observing that Texas Civil Practice and Remedies Code section 16.035 provides that if a series of notes or obligations or a note or obligation payable in installments is secured by a lien on real property, limitations does not begin to run until the maturity date of the last note, obligation, or installment. *Id.* at 566 (citing Tex. Civ. Prac. & Rem. Code § 16.035). The court noted that this statute modifies the general rule that a claim accrues, and limitations begins to run on each installment when it becomes due. The court next observed that when a note or deed of trust secured by real property contains an optional acceleration clause, the debtor's default does not "ipso facto start limitations running

5

on the note. Rather, the action accrues only when the holder actually exercises its option to accelerate." *Id.* Thus, unless the noteholder actually exercises the option to accelerate the note, limitations does not begin to run until the maturity date of the last note, obligation, or installment. *Id.*; *see also Arshad v. American Express Bank, FSB*, 580 S.W.3d 798, 807 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("Accelerated maturity is associated with notes that are initially contemplated to extend over a period of months or years, such as those used with installment notes."). The court ultimately held that an optional acceleration clause can be effectively exercised without the noteholder's taking affirmative steps towards foreclosure, and that the clear and unequivocal notice of intent to accelerate and notice of acceleration is enough to conclusively establish acceleration. *Holy Cross Church*, 44 S.W.3d at 574. And, in that context, the date of the acceleration of the note established the date the cause of action accrued and, consequently, the date the limitations period began to run. *See Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex. 1990) (limitations period begins to run when cause of action accrues and date of accrual is question of law).

In this case, as stated above, the cause of action for breach of contract accrued on the date of Groovy Automotive's last payment, August 2014, and therefore the limitations period began to run on that date, not on the date that Wells Fargo sent notice of acceleration. *See Moreno*, 787 S.W.2d at 351. The court's analysis in *Holy Cross Church* is inapposite to this case because in that case acceleration of the note triggered the *accrual* of the noteholder's cause of action, which, in turn, commenced the limitations period. Here, the breach of contract claim accrued on the date of Groovy Automotive's last payment and did not require that Wells Fargo provide notice of acceleration. Put differently, in this breach of contract case, exercise of an option to accelerate had no relationship to the date the cause of action accrued and thus no

6

bearing on when the limitations period commenced. *See Arshad*, 580 S.W.3d at 807 ("Credit-card indebtedness is not the type of debt to which acceleration of maturity applies."). Even in the context of a note payable in installments secured by a deed of trust, which was the type of instrument at issue in *Holy Cross*, acceleration is not relevant once the note has matured under its own terms. If the note has matured, the limitations period commences at that time, and the creditor may not revive its rights to foreclose by purporting to accelerate a note that has already matured. *See Financial Freedom Senior Funding Corp. v. Horrocks*, 294 S.W.3d 749, 754-56 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (when reverse mortgage provided that entire debt was due on death of borrower, note matured and limitations began to run when borrower died, and creditor's belated effort to provide notice and accelerate debt had no effect on running of limitations period); *CA Partners v. Spears*, 274 S.W.3d 51, 64-67 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (when last installment was due in January of 2000, limitations began to run on that date, and subsequent actions of creditor in demanding payment and purporting to accelerate debt had no effect on running of limitations period and could not revive claim). Similarly in this case, because the cause of action for breach of contract accrued—and limitations began to run—when Groovy Automotive made its last payment, even under the reasoning of *Holy Cross Church*, Wells Fargo's subsequent acceleration notice had no effect on the limitations period and could not revive the breach of contract claim.

## CONCLUSION

The trial court properly concluded that Wells Fargo's breach of contract claim was barred by the four-year statute of limitations in Texas Civil Practice and Remedies Code section 16.004(a)(3). We therefore affirm the trial court's order granting Groovy Automotive

7

and Delmonico's motion for summary judgment and denying Wells Fargo's motion for summary judgment.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed: August 3, 2022