REVERSE and RENDER; Opinion issued December 11, 2012



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00700-CV

## WELLS FARGO BANK, N.A., AS TRUSTEE, Appellant

V.

## RAY ROBINSON, Appellee

On Appeal from the 296th Judicial District Court
Collin County, Texas
Trial Court Cause No. 296-02231-2008

# OPINION

Before Justices Morris, Francis, and Murphy
Opinion By Justice Morris

In this appeal following a trial to the court without a jury, Wells Fargo Bank, N.A. challenges the trial court's judgment in favor of Ray Robinson on his claims for wrongful foreclosure and breach of contract. In three issues, Wells Fargo contends the evidence is legally and factually insufficient to support the trial court's award of damages under either theory of recovery asserted by Robinson and there is no proper basis to support the award of attorney's fees. Robinson brings a cross-appeal contending the trial court erred in failing to order Wells Fargo to forfeit all of the principal and interest collected on his home equity note. After reviewing the evidence and applicable law, we conclude the trial court erred in awarding Robinson damages and attorney's fees. We further conclude Robinson is not entitled to a forfeiture of the principal and interest paid on his note. We

reverse the trial court's judgment and render judgment that Robinson take nothing by his claims.

I.

On May 24, 1999, Ray Robinson executed a home equity note in the principal amount of $72,800. The note was secured by a deed of trust on the property. It is undisputed that Robinson defaulted under the terms of the note by failing to make his monthly payments. As a result, Wells Fargo accelerated the note and it became due and payable. Although Robinson stated at trial that he made some payments on the note through 2007 pursuant to a bankruptcy court proceeding, he conceded that he did not make all the necessary payments and had not made any payments on the note for more than three years before trial despite the fact that he was still living on the property.

Wells Fargo filed an application with the trial court for an expedited foreclosure under rule 736 of the Texas Rules of Civil Procedure. Robinson did not contest the bank's right to foreclose, but requested additional time to try to sell the house. The parties later reached an agreement and, on March 12, 2008, the trial court signed an agreed order stating that Wells Fargo was authorized to proceed with a foreclosure and directed the bank to "post [the] property on or before April 14, 2008 for the May 6, foreclosure sale." Contrary to the order, the substitute trustee for Wells Fargo did not post the property for sale until May 12, 2008 and did not conduct the foreclosure until June 3. Wells Fargo purchased the property at the June 3 foreclosure sale.

Approximately two months after the sale, Robinson brought this suit contending Wells Fargo was not authorized to foreclose on his property because it did not comply with the agreed court order. Robinson asserted claims including wrongful foreclosure and breach of contract as well as requesting declaratory relief. A trial was conducted before the court without a jury. Based on the evidence presented, the trial court stated in its findings of fact and conclusions of law that the foreclosure on June 3, 2008 was wrongful and in breach of the deed of trust because Wells Fargo's

–2–

substitute trustee did not have a valid court order to foreclose on the property on the date the foreclosure occurred. The judgment awarded Robinson $47,007.37 in damages representing the difference between the fair market value of the property on the foreclosure date and the unpaid balance of the note. The judgment also awarded attorney's fees and additional fees in the event of appeals. All other relief was denied. This appeal ensued.

## II.

In its first two points of error, Wells Fargo contends the evidence is legally and factually insufficient to support the damages awarded by the trial court. Wells Fargo argues there is no evidence of a causal connection between the alleged wrongful foreclosure or the alleged breach of the deed of trust and the monetary damages asserted by Robinson. According to Wells Fargo, Robinson suffered neither prejudice nor harm as a result of the delay in the foreclosure sale. Robinson responds that he is entitled to damages based solely on the fact that the sale was conducted in violation of both the deed of trust and the Texas Constitution. We disagree with Robinson.

Article 16, Section 50(a)(6) of the Texas Constitution sets forth the requirements for an extension of credit secured by a lien on the borrower's homestead. TEX. CONST. art XVI, § 50(a)(6). Among these is the requirement that the lien may be foreclosed upon only by a court order. *Id.* § 50(a)(6)(D). The deed of trust signed by the parties incorporated this requirement by stating that Wells Fargo must obtain a court order before foreclosing on the property. The court order in this case authorized Wells Fargo to foreclose on the property only on May 6, 2008. Because the foreclosure sale was conducted on a different date, it was not authorized by a court order and, therefore, violated the constitutional requirement set forth in the deed of trust.

A foreclosure sale not conducted in accordance with the terms of the deed of trust gives rise to a cause of action to set aside the sale and the resulting trustee's deed. *See University Savs. Ass'n*

*v. Springwoods Shopping Ctr.*, 644 S.W.2d 705, 706 (Tex. 1983). The trial court did not set aside the trustee's deed however, but instead awarded damages.[1] For a party to recover damages for wrongful foreclosure and breach of the deed of trust, he must show that he has suffered a loss or material injury as the result of an irregularity in the foreclosure sale. *See id.; see also Gainesville Oil & Gas Co., Inc. v. Farm Credit Bank of Tex.*, 847 S.W.2d 655, 659 (Tex. App.—Texarkana 1993, no writ). In general, this is shown where the actions of the lender or note holder have caused the property to be sold for a grossly inadequate price. *See American Savs. & Loan Assoc. v. Musick*, 531 S.W.2d 581, 587 (Tex. 1975). In such a case, the damages are measured by the difference between the market value of the land and the remaining balance on the outstanding mortgage debt. *See John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d 986, 988–89 (Tex. Civ. App.—Waco 1981, writ ref'd).

The recovery of damages is not appropriate, however, where title to the property has not passed to a third party and the borrower's possession of the property has not been materially disturbed. *See Janes v. CPR Corp.*, 623 S.W.2d 733, 738 (Tex. App.—Houston [1st Dist.] 1982, writ ref'd n.r.e.); *see also Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.). Where the note holder obtains title to the property at the foreclosure sale and the borrower retains possession, the proper remedy is to set aside the trustee's deed and to restore the borrower's title, subject to the note holder's right to establish the debt owed and foreclose its lien. *See Janes*, 623 S.W.2d at 738. The reason for this is that "the law undertakes to award just compensation – no more and no less – for the injuries sustained." *See Howard*, 85 S.W.2d at 989. If the borrower's possession has not been disturbed and no third party rights to the property have been created, the

---

[1] Although Robinson's petition seeks relief including quiet title to the property and a "declaration" that the substitute trustee's deed be canceled, the petition does not directly request that the foreclosure sale be set aside. To the extent the petition can be read to request this relief, the trial court did not order the deed set aside and Robinson does not appeal from such ruling.

borrower has suffered no compensable injury. *See Peterson*, 980 S.W.2d at 823.

In this case, Robinson presented no evidence that the property at issue was sold for an inadequate price or that he was otherwise harmed by the delay in the foreclosure sale. Furthermore, it is undisputed that Wells Fargo purchased the property at the foreclosure and, as of the date of trial, Robinson continued to occupy the premises. Based on the record before us, we conclude Robinson failed to present any evidence of a compensable injury. The trial court erred, therefore, in awarding Robinson monetary damages under either his wrongful foreclosure or his breach of contract cause of action. We resolve Wells Fargo's first two issues in its favor.

In its third issue, Wells Fargo contends the trial court erred in awarding Robinson attorney's fees. Robinson responds that he is entitled to recover the fees under the Texas Uniform Declaratory Judgment Act. An examination of the trial court's judgment, however, shows that Robinson was not awarded any declaratory relief. The judgment merely ordered that Robinson recover monetary damages, fees, and costs from Wells Fargo. All relief not specifically granted in the judgment was denied.

Furthermore, Robinson's request for declaratory relief is merely duplicative of his claims for wrongful foreclosure and breach of contract. A plaintiff may not use the declaratory judgment act to recover attorney's fees that are not otherwise available by simply seeking a declaratory judgment on issues already before the court as part of the other claims asserted. *See MBM Fin. Corp. v. Woodlands Operating Co., L.P.*, 292 S.W.3d 660, 669 (Tex. 2009). As the Texas Supreme Court has stated, "[i]f repleading a claim as a declaratory judgment could justify a fee award, attorney's fees would be available for all parties in all cases."

Robinson's petition requested the trial court to declare that Wells Fargo did not have a valid court order authorizing it to foreclose on the property on June 3, 2008 and that its foreclosure was

wrongful and a breach of the deed of trust. These requests are nothing more than a reassertion of the issues underlying Robinson's claims for wrongful foreclosure and breach of contract. All of the relief sought under Robinson's declaratory judgment action could have been sought in connection with his other claims. The only apparent benefit to Robinson of the declaratory judgment action was to provide a basis for an award of attorney's fees. As such, an award of attorney's fees under the declaratory judgment act is improper. *See Etan Indus., Inc. v. Lehmann*, 359 S.W.3d 620, 624 (Tex. 2011). We resolve Wells Fargo's third issue in its favor.

Finally, we address Robinson's cross-appeal contending the trial court erred in failing to order Wells Fargo to forfeit all principal and interest collected on his home equity note. Robinson bases his argument on Article 16, section 50(a)(6)(Q)(x) of the Texas Constitution that states if a lender fails to comply with the requirements for an extension of credit found in section 50(a)(6), the lender forfeits all principal and interest of the loan. *See* TEX. CONST. art. XVI, § 50(a)(6)(Q)(x); *see also Vincent v. Bank of Am., N.A.*, 109 S.W.3d 856, 862 (Tex. App.—Dallas 2003, pet. denied). But, as this Court has held, so long as the loan agreement originally entered into by the parties complies with the constitutional requirements, forfeiture is not an appropriate remedy. *See Vincent*, 109 S.W.3d at 862. A borrower's recourse for a lender's failure to abide by the terms of his loan agreement is to assert traditional tort and breach of contract causes of action, not constitutionally mandated forfeiture. *See id.*

As stated above, section 50(a)(6)(D) requires that a home equity note be secured by a lien that may only be foreclosed upon by court order. The deed of trust at issue here required a court order for foreclosure. Because the loan agreement entered into by the parties complied with the constitutional requirements, the trial court did not err in denying forfeiture. We resolve Robinson's sole issue against him.

Base on the foregoing, we conclude there is no evidence to support the award of monetary damages and attorney's fees to Robinson based on his claims for wrongful foreclosure and breach of contract. We further conclude the trial court did not err in denying Robinson's request for forfeiture. Accordingly, we reverse the trial court's judgment and render judgment that Robinson take nothing by his claims.

JOSEPH B. MORRIS
JUSTICE

110700F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WELL FARGO BANK, N.A., AS
TRUSTEE, Appellant

No. 05-11-00700-CV V.

RAY ROBINSON, Appellee

Appeal from the 296th Judicial District Court
of Collin County, Texas. (Tr.Ct.No. 296-
02231-2008).
Opinion delivered by Justice Morris,
Justices Francis and Murphy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**REVERSED** and judgment is **RENDERED** that Ray Robinson take nothing by his claims. It is
**ORDERED** that appellant Well Fargo Bank, N.A., as Trustee recover its costs of this appeal
from appellee Ray Robinson.

Judgment entered December 11, 2012.

JOSEPH B. MORRIS
JUSTICE