ACCEPTED
03-15-00020-CV
5774899
THIRD COURT OF APPEALS
AUSTIN, TEXAS
6/22/2015 4:26:51 PM
JEFFREY D. KYLE
CLERK

**Case No. 03-15-00020-CV**

**IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
6/22/2015 4:26:51 PM
JEFFREY D. KYLE
Clerk

**JAMES V. LONG,**

*Appellant*,

**v.**

**SOUTHWEST FUNDING, LP, ET AL.,**

*Appellees.*

**Appealed from the 126th Judicial District Court of
Travis County, Texas
Cause No. D-1-GTN-10-003483**

**APPELLEES, INDY MAC MORTGAGE SERVICES, ONEWEST BANK,
FSB AND DEUTSCHE BANK NATIONAL TRUST CO.'S BRIEF**

**J. Garth Fennegan**
**Texas Bar I.D. 24004642**
*gfennegan@settlepou.com*
**Daniel P. Tobin**
**Texas Bar I.D. 24046978**
*dtobin@settlepou.com*
**Bradley E. McLain**
**Texas Bar No. 24041453**
*bmclain@settlepou.com*

**SETTLEPOU**
**3333 Lee Parkway, Eighth Floor**
**Dallas, Texas  75219**
**(214) 520-3300**
**(214) 526-4145 (Facsimile)**

**ATTORNEYS FOR
APPELLEES, INDY MAC
MORTGAGE SERVICES,
ONEWEST BANK, FSB AND
DEUTSCHE BANK NATIONAL
TRUST CO.**

i

# Table of Contents

Table of Contents ......................................................................................... ii

Table of Authorities ..................................................................................... iii

Issues Presented ........................................................................................... vi

Statement of Facts ..........................................................................................1

Summary of the Argument...............................................................................5

Argument.........................................................................................................6

I.     The Trial Court correctly granted summary judgment for the Deutsche Bank Defendants on Mr. Long's claims. .............................6

     A.    Mr. Long failed to raise a genuine issue of material fact on his TILA violations claim. .....................................................8

     B.    Mr. Long failed to raise a genuine issue of material fact on his wrongful foreclosure claim. ............................................9

II.    The Trial Court correctly granted summary judgment for Deutsche Bank on its counterclaim for judicial foreclosure. ..............11

     A.    The Boyle Affidavit is legally sufficient summary judgment evidence. ................................................................13

          1. Mr. Long waived his objections to the Boyle Affidavit............................................................... 13

          2. The Boyle Affidavit affirmatively demonstrates the affiant's personal knowledge. ................................ 15

     B.    Mr. Long has failed to raise a genuine issue of material fact on Deutsche Bank's counterclaim for judicial foreclosure.........................................................................20

Prayer .............................................................................................................24

Certificate of Compliance ..............................................................................25

Certificate of Service .....................................................................................25

## Table of Authorities

**Cases**

*Bierwirth v. BAC Home Loans Servicing, L.P.*,
No. 03-11-00644-CV, 2012 WL 3793190, *3 (Tex. App.—
Austin Aug. 30, 2012, pet. denied) (mem. op.) ............................................22

*Damron v. Citibank (S. D.) N.A.*,
No. 03-09-00438-CV, 2010 WL 3377777, *3 (Tex. App.—
Austin Aug. 25, 2010, pet. denied) (mem. op.). .............................. 14, 17, 18

*Davis v. Deutsche Bank National Trust*,
No. 03-12-00768-CV, 2015 WL 1967909, *2 (Tex. App.—
Austin April 30, 2015, no pet. h.) (mem. op.) ................................................10

*Dickey v. Club Corp. of America*,
12 S.W.3d 172, 176 (Tex. App.—Dallas 2000, pet. denied) ........................15

*Dodeka v. Campos*,
377 S.W.3d 726  (Tex. App.—San Antonio 2012, no pet.) ................... 16, 19

*Dulong v. Citibank (S.D.), N.A.*,
261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.) .............................14

*Elite Towing, Inc v. LSI Fin. Group*,
985 S.W.2d 635, 644 (Tex. App.—Austin 1999, no pet.)..............................14

*Fernandez v. Peters,*
No. 03-09-00687-CV, 2010 WL 4137491, *3 (Tex. App.—
Austin Oct. 19, 2010, no pet.) (mem. op.)................................... 7, 13, 14, 15

*First State Bank v. Keilman*,
851 S.W.2d 914, 921-22 (Tex. App.—Austin 1993, writ
denied) .............................................................................................................9

*Grand Prairie Indep. Sch. Dist. v. Vaughn*,
792 S.W.2d 944 (Tex. 1990) .............................................................. 13, 14

iii

*Hydroscience Tech., Inc. v. Hydroscience, Inc.*,
    401 S.W.3d 783, 791 (Tex. App.—Dallas 2013, pet denied) .......................16

*In re E.I. DuPont de Nemours & Co.*,
    136 S.W.3d 218, 224 (Tex. 2004) (per curiam); .................................. 15, 16

*John Gannon, Inc. v. Gunnarson Outdoor Adver., Inc.*,
    No. 03-08-00404-CV, 2010 WL 3192536, *2 (Tex. App.—
    Austin Aug. 11, 2010, pet. denied) (mem. op.) ...............................................7

*John Hancock Mut. Life Ins. Co. v. Howard*,
    85 S.W.2d 986, 988-89 (Tex. Civ. App.—Waco 1935, writ
    ref'd) ........................................................................................... 10, 11

*Kyle v. Countrywide Home Loans, Inc.*,
    232 S.W.3d 355, 360 (Tex. App.—Dallas 2007, pet. denied). .....................18

*Merriman v. XTO Energy, Inc.*,
    407 S.W.3d 244 (Tex. 2013) ...................................................................6, 7

*Peterson v. Black*,
    980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.) ...................10

*Roper v. CitiMortgage, Inc.*,
    No. 03-11-00887-CV, 2013 WL 6465637, *13 (Tex. App.—
    Austin Nov. 27, 2013, pet. denied) (mem. op.).............. 16, 17, 18, 19, 20, 22

*Wells Fargo Bank, N.A. v. Robinson*,
    391 S.W.3d 590, 593-94 (Tex. App.—Dallas 2012, no pet.)............. 9, 10, 11

*Wilson v. Thomason Funeral Home, Inc.*,
    No. 03-02-00774-CV, 2003 WL 21706065, *5 (Tex. App.—
    Austin July 24, 2003, no pet.)....................................................................14

**Statutes**

15 U.S.C.A. § 1640(e) ...................................................................................8

Tex. R. App. P. 33.1.....................................................................................14

Tex. R. Civ. P. 166a(f) .................................................................................15

Tex. R. Civ. P. 735 (West 2000) ..................................................................21

Tex. R. Evid. 803(6), 902(10) ......................................................................16

Tex. R. Evid. 902 .........................................................................................23

Tex. R. Evid. 902(10).....................................................................................18

## Issues Presented

I.  Did the Trial Court correctly grant summary judgment for Deutsche Bank, OneWest and IndyMac on Mr. Long's claims alleging violations in the Truth in Lending Act and for wrongful foreclosure when:

- Mr. Long failed to challenge all the grounds on which summary judgment was granted;

- Mr. Long failed to raise a fact issue on an the alleged Truth in Lending violations; and

- Mr. Long failed to raise a fact issue on his wrongful foreclosure claim?

II. Did the Trial Court correctly grant summary judgment for Deutsche Bank on its counterclaim for judicial foreclosure when:

- Mr. Long waived his objections to the Boyle Affidavit offered in support of summary judgment;

- The Boyle Affidavit affirmatively demonstrates the affiant's personal knowledge;

- The Boyle Affidavit authenticates the business records attached to it; and

- Mr. Long failed to raise a fact issue on Deutsche Bank's counterclaim for judicial foreclosure?

## Statement of Facts

This appeal arises from Mr. Long's failure to make a payment on his home equity loan since August 2009.  CR 98, 245.  In March 2007, Mr. Long obtained a home equity loan from Southwest Funding, LP ("Southwest Funding") in order to refinance the mortgage on the real property located at 608 Cutlass, Lakeway, Texas 78738 ("Property").  CR 198.  As part of the refinance transaction, Mr. Long executed a Texas Home Equity Fixed/Adjustable Rate Note ("Note") made payable to Southwest Funding and its assigns in which he promised to repay the principal amount of $710,400.00, plus interest at a rate of 7.625% per annum, subject to adjustment in accordance with Section 4 of the Note.  CR 101-05, 198, 200-05.  Mr. Long's repayment obligations under the Note were secured by a Texas Home Equity Security Instrument ("Security Instrument") establishing a first lien on the Property.  CR 97, 198, 206-22.  Additionally, Mr. Long executed a Confirmation of Non-Cancellation on March 21, 2007, affirming the home equity loan and requesting Southwest Funding to disburse the loan proceeds in accordance with the terms of the Note and Security Instrument.  CR 230-31.

Mortgage Electronic Registration Systems, Inc. ("MERS") is the nominee of Southwest Funding and its successors and assigns under the terms of the Security Instrument, and MERS is a beneficiary under the Security Instrument.  CR 206-07.  MERS subsequently assigned the Note and Security Instrument to Deutsche Bank

National Trust Company, as Trustee for Indymac Index Mortgage Loan Trust 2007-AR13, Mortgage Pass-Through Certificates Series 2007-AR13, which is memorialized by an Assignment of Note and Deed of Trust dated January 21, 2010, but effective December 22, 2009 ("Assignment"). CR 198-99, 223-24. As such, Deutsche Bank is now the lawful owner and holder of the Note and Security Instrument, is in possession of the Note and Security Instrument, and has not assigned same. CR 95, 198-99.

Mr. Long stopped making payments on the Note in September 2009. CR 97-98, 199, 245. As a result, a Notice of Default was sent to Mr. Long on November 6, 2009, by IndyMac Mortgage Services, a division of OneWest Bank, FSB ("OneWest"), who was the designated mortgage servicer for Mr. Long's Note on behalf of Deutsche Bank. CR 96-98, 199, 225-27. Mr. Long, however, failed to cure his default, and OneWest sent Mr. Long a Notice of Acceleration on January 18, 2010. CR 98, 199, 228-29.

Since Mr. Long continued in default of his repayment obligations under the Note, OneWest, as the authorized mortgage servicer on behalf of Deutsche Bank, filed a Verified Application Home Equity Foreclosure Order on February 12, 2010. CR 91-128. After a properly noticed hearing on July 23, 2010, the Trial Court entered an order pursuant to Rule 736 of the Texas Rules of Civil Procedure allowing Deutsche Bank to proceed with an expedited foreclosure sale of a lien for

2

a home equity loan ("Home Equity Foreclosure Order"). CR 130-34. Rather than raising his complaints about the home equity loan, his default, or the sale of the Property in a new lawsuit as required by Rule 736, Mr. Long filed a motion for new trial challenging the Home Equity Foreclosure Order, which the Trial Court granted on September 2, 2010. CR 68, 312. Although a foreclosure sale of the Property was held on September 7, 2010, Deutsche Bank did not accept delivery of the Substitute Trustee's Deed, and title to the Property remained in Mr. Long. CR 313-14.

Mr. Long filed the underlying suit against Deutsche Bank, OneWest and IndyMac (collectively "Deutsche Bank Defendants") on September 28, 2010, asserting claims for fraud, rescission, wrongful foreclosure and declaratory judgment. CR 4-6, 30-33. In addition to generally denying and asserting affirmative defenses to Mr. Long's claims, Deutsche Bank asserted a counterclaim for judicial foreclosure of the Security Instrument. CR 19-27. The Deutsche Bank Defendants subsequently moved for summary judgment on Mr. Long's claims for fraud, declaratory judgment and wrongful foreclosure, as well as on Deutsche Bank's counterclaim for judicial foreclosure. CR 182-97. The Trial Court granted the Deutsche Bank Defendants' motion for traditional and no-evidence summary judgment against Mr. Long's claims, and the Trial Court granted summary

3

judgment for Deutsche Bank on its counterclaim for judicial foreclosure. CR 350-51.

## Summary of the Argument

Mr. Long has not made a payment on his home equity loan in almost six years, and he does not dispute that he is in default of his repayment obligations under his home equity loan. Consequently, the Trial Court granted summary judgment in favor of the Deutsche Bank Defendants disposing of Mr. Long's meritless claims for fraud, violations of TILA, and wrongful foreclosure, and allowing Deutsche Bank to move forward with the enforcement of the home equity security instrument through a claim for judicial foreclosure. Although Mr. Long claims he raised fact issues both on his claims and Deutsche Bank's counterclaim for judicial foreclosure, the summary judgment evidence proves otherwise. Moreover, Mr. Long's objections to the Deutsche Bank Defendant's summary judgment evidence are either waived or without merit as the Trial Court's judgment rests on competent summary judgment evidence showing that Mr. Long is in default under the terms of the home equity note and security instrument, and that the Deutsche Bank Defendants have complied with all contractual and statutory requirements to foreclose on the Property. Therefore, this Court should affirm the Trial Court's order granting traditional and no-evidence summary judgment in favor of the Deutsche Bank Defendants on Mr. Long's claims and on Deutsche Bank's counterclaim for judicial foreclosure.

**Argument**

## I. The Trial Court correctly granted summary judgment for the Deutsche Bank Defendants on Mr. Long's claims.

Mr. Long is appealing the Trial Court's Order granting Deutsche Bank, OneWest, and IndyMac's motion for summary judgment against Mr. Long's claims for violations of the Truth In Lending Act ("TILA") in the origination of his home equity loan, wrongful foreclosure, and fraud. The Deutsche Bank Defendants moved for both traditional and no-evidence summary judgment against Mr. Long's claims on multiple grounds. CR 182-96. The Trial Court granted the motions for summary judgment in all respects without specifying the grounds for its ruling. CR 350. As such, Mr. Long has the burden in this appeal to raise a fact issue on all the grounds that support the Trial Court's judgment in favor of the Deutsche Bank Defendants. Mr. Long, however, has failed to raise a genuine issue of material fact all the grounds upon which the Trial Court's judgment rests. Therefore, the Trial Court's summary judgment in favor of the Deutsche Bank Defendants must be affirmed.

The granting of a motion for summary judgment is reviewed *de novo*. *Merriman v. XTO Energy, Inc.*¸ 407 S.W.3d 244, 248 (Tex. 2013). When the trial court does not specify the grounds for its ruling, the appealing party must challenge all the grounds that support the judgment, and the summary judgment must be affirmed if any of the grounds on which judgment is sought are

6

meritorious. *Id.* When an appellant fails to challenge a ground on which a trial court may have granted summary judgment—either properly or improperly, then the summary judgment must be affirmed. *Id.*; *John Gannon, Inc. v. Gunnarson Outdoor Adver., Inc.,* No. 03-08-00404-CV, 2010 WL 3192536, *2 (Tex. App.—Austin Aug. 11, 2010, pet. denied) (mem. op.).

In order to meet his burden in this appeal, Mr. Long must show that the Deutsche Bank Defendants failed to negate at least one essential element of each of his causes of action or to prove each element of their affirmative defenses. *Fernandez v. Peters,* No. 03-09-00687-CV, 2010 WL 4137491, *3 (Tex. App.—Austin Oct. 19, 2010, no pet.) (mem. op.). Thus, Mr. Long must show there is a genuine issue of material fact on each of his claims preventing summary judgment in favor of the Deutsche Bank Defendants. *Id.* Mr. Long does not challenge the Trial Court's no-evidence summary judgment on his fraud based claims. CR 32, 194-95; Appellant's Brief at 9, 11. Consequently, the only two claims before this Court in this appeal are Mr. Long's claim for TILA violations and wrongful foreclosure. Mr. Long argues that he raised genuine issues of material fact concerning the validity of the foreclosure sale, Deutsche Bank's status as the holder of the Note, Southwest Funding's status to originate the Note, and compliance with home equity lending requirements under the Texas Constitution that prevent summary judgment in favor of the Deutsche Bank Defendants.

7

Appellant's Brief at 15-16. Contrary to Mr. Long's assertions, these purported "genuine issues of material fact" do not defeat the Deutsche Bank Defendant's motion for summary judgment on Mr. Long's claims for TILA violations or wrongful foreclosure.

### A. Mr. Long failed to raise a genuine issue of material fact on his TILA violations claim.

Mr. Long claims Southwest Funding violated TILA because the Note was securitized and the estimated interest rate was not correct. CR 30. The Deutsche Bank Defendants moved for summary judgment on the grounds that these alleged TILA violations were not actionable, and even if they were, any cause of action for the violations were barred by the statute of limitations. CR 189-90. The uncontroverted summary judgment evidence shows that Mr. Long executed the Note and Security Instrument on or about March 16, 2007. CR 200-22, 245-46. As such, Mr. Long's claims for TILA violations had to be asserted within one year of the occurrence of the alleged violations, which was March 16, 2008. 15 U.S.C.A. § 1640(e).

Mr. Long, however, failed to assert the alleged TILA violations until he filed this case in September 2010. CR 4-6. Thus, any cause of action Mr. Long may have for violations of TILA are barred by the applicable statute of limitations. Assuming Mr. Long's alleged TILA violations are true, Mr. Long has still failed both in his response to the motion for summary judgment and in his brief to this

8

Court to point to any competent summary judgment evidence showing his claim is not barred by the applicable statute of limitations. CR 258-60, 264-65; Appellant's Brief at 15-16. Therefore, the Trial Court correctly granted summary judgment on Mr. Long's alleged TILA violations.

### B. Mr. Long failed to raise a genuine issue of material fact on his wrongful foreclosure claim.

Similarly, Mr. Long failed to raise a genuine issue of material fact on his wrongful foreclosure claim. A foreclosure sale that fails to comply with statutory or contractual terms gives rise to a cause of action for either rescission of the trustee's deed or for damages. *Wells Fargo Bank, N.A. v. Robinson*, 391 S.W.3d 590, 593-94 (Tex. App.—Dallas 2012, no pet.); *First State Bank v. Keilman*, 851 S.W.2d 914, 921-22 (Tex. App.—Austin 1993, writ denied). A mortgagor has a claim for damages when the mortgagor has suffered a loss or material injury as a result of the improper foreclosure. *Wells Fargo*, 391 S.W.3d at 594. The recovery of damages is not available, however, when the property has not passed to a third party and the mortgagor's possession of the property has not been materially disturbed. *Id.* In that case, the proper remedy is to rescind the trustee's deed, restore title in the borrower, and to reaffirm the debt and the mortgagee's right to foreclose its lien. *Id.*

Mr. Long claims that the foreclosure sale conducted on September 7, 2010, was improper because it was not conducted pursuant to a court order as the Texas

9

Constitution requires for the foreclosure of home equity liens. CR 31-32, 259-60; Appellant's Brief at 7, 10, 15. Mr. Long also cites to the "Statement of Facts to Purge Real Property Records" filed by the substitute trustee rescinding the foreclosure sale due to "one or more conditions precedent" required to conduct the sale having not been accomplished as further evidence of the Deutsche Bank Defendants' wrongful foreclosure. CR 259-60, 274.

Despite these alleged defects or irregularities in the foreclosure sale, Mr. Long has not pointed to any competent summary judgment evidence showing that he has suffered a loss or material injury as a result of the improper foreclosure. Mr. Long produced no summary judgment evidence that the Deutsche Bank Defendants materially interfered with or disturbed his possession of the Property as a result of the alleged wrongful foreclosure. *Davis v. Deutsche Bank National Trust*, No. 03-12-00768-CV, 2015 WL 1967909, *2 (Tex. App.—Austin April 30, 2015, no pet. h.) (mem. op.); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.); *John Hancock Mut. Life Ins. Co. v. Howard*, 85 S.W.2d 986, 988-89 (Tex. Civ. App.—Waco 1935, writ ref'd). Thus, Mr. Long has not suffered any compensable damage for wrongful foreclosure since his possession of the Property is undisturbed. *Davis*, 2015 WL 1967909 at *2; *Wells Fargo*, 391 S.W.3d at 594; *Peterson*, 980 S.W.2d at 823.

10

Moreover, the uncontroverted summary judgment evidence demonstrates that Deutsche Bank never accepted delivery of the Substitute Trustee's Deed from the September 2010 foreclosure and the title to the Property remains vested in Mr. Long. CR 274. As such, Mr. Long likewise does not have a cause of action for wrongful foreclosure to rescind the Substitute Trustee's Deed and restore his title to the Property. *Wells Fargo*, 391 S.W.3d at 594; *John Hancock*, 85 S.W.2d at 989. Accordingly, the Trial Court correctly granted summary judgment for the Deutsche Bank Defendants on Mr. Long's wrongful foreclosure claim as the summary judgment evidence established that Mr. Long had no legally cognizable injury as a result of the September 2010 foreclosure sale.

Therefore, the Trial Court's granting of summary judgment on Mr. Long's claims against the Deutsche Bank Defendants for TILA violations, wrongful foreclosure, and fraud must be affirmed as the Deutsche Bank Defendants established their right to summary judgment on these causes of action as a matter of law, and Mr. Long has failed to raise a genuine issue of material fact to defeat summary judgment on these claims.

## II.   The Trial Court correctly granted summary judgment for Deutsche Bank on its counterclaim for judicial foreclosure.

Deutsche Bank moved for summary judgment on its counterclaim for judicial foreclosure seeking an order taking all right, title, interest, and possession of the Property pursuant to the terms of the Security Instrument executed by Mr.

Long.  CR 45, 187-89.  In support of its motion for summary judgment, Deutsche Bank offered the Affidavit of Charles Boyle, as the corporate representative of OneWest Bank, FSB, the designated mortgage servicer of Mr. Long's home equity mortgage for Deutsche Bank.  CR 198-99.  Attached to the Boyle Affidavit were business records of OneWest concerning Mr. Long's home equity loan, which showed: (1) Deutsche Bank was the holder of the Note and the beneficiary under the Security Instrument executed by Mr. Long, (2) Mr. Long was in default of his obligations under the Note and Security Instrument, and (3) Deutsche Bank had strictly complied with the terms of the Security Instrument and Chapter 51 of the Texas Property Code by sending Mr. Long the required notices of default and acceleration.  CR 206-29.  Moreover, Mr. Long neither disputes the authenticity of the Note and Security Instrument, nor that he was in default of repayment obligations under the Note.  *See* CR 245, 248.  The undisputed summary judgment evidence thus showed that Mr. Long was in default under the terms of the Note and Security Instrument, and that Deutsche Bank, through its authorized servicer, complied with all contractual and statutory requirements to foreclose.  As such, Deutsche Bank established its right to summary judgment on its counterclaims for judicial foreclosure as a matter of law.

12

### A. The Boyle Affidavit is legally sufficient summary judgment evidence.

Mr. Long argues the Boyle Affidavit is insufficient summary judgment evidence because it is not based on personal knowledge. Appellant's Brief at 13-15. Mr. Long's objections to the Boyle Affidavit are in essence hearsay objections, which are objections to the form of the affidavit. Although Mr. Long objected to the Boyle Affidavit before the Trial Court, he failed to preserve his objections for appellate review. Therefore, Mr. Long's objections have been waived. Even if Mr. Long's objections were not waived, the Boyle Affidavit affirmatively shows that it is based on personal knowledge, is competent summary judgment evidence, and meets the requirements of the Business Records hearsay exception. Finally, Mr. Long has failed to raise a genuine issue of material fact on Deutsche Bank's counterclaim for judicial foreclosure. Accordingly, the Trial Court correctly granted summary judgment on Deutsche Bank's counterclaim for judicial foreclosure.

### 1. Mr. Long waived his objections to the Boyle Affidavit.

A party's objection that an affidavit contains hearsay is an objection to defects in the form of an affidavit. *Grand Prairie Indep. Sch. Dist. v. Vaughn*, 792 S.W.2d 944, 945 (Tex. 1990); *Fernandez v. Peters*, No. 03-09-00687-CV, 2010 WL 4137491, *4 (Tex. App.—Austin Oct. 19, 2010, no pet.) (mem. op.); *Damron v. Citibank (S. D.) N.A.*, No. 03-09-00438-CV, 2010 WL 3377777, *3 (Tex.

13

App.—Austin Aug. 25, 2010, pet. denied) (mem. op.). If a party fails to object to the form of an affidavit at trial or obtain a ruling on the objection by the trial court, the objection is waived on appeal. *Vaughn*, 792 S.W.2d at 945; *Fernandez*, 2010 WL 4137491 at *4; *Damron*, 2010 WL 3377777 at *3.

Mr. Long is challenging the form of the Boyle Affidavit by arguing that the attachments to the affidavit have not been properly authenticated as business records by a person with knowledge. Appellant's Brief at 13-15. Mr. Long objected to the Boyle Affidavit in his response to Deutsche Bank's motion for summary judgment, but he failed to obtain any ruling on the admissibility of the Boyle Affidavit. CR 256-58, 350-51; *see Wilson v. Thomason Funeral Home, Inc.*, No. 03-02-00774-CV, 2003 WL 21706065, *5 (Tex. App.—Austin July 24, 2003, no pet.). Although Mr. Long filed a motion for new trial after the Trial Court granted summary judgment, he neither presented the Trial Court's refusal to rule on his objections as grounds for a new trial, nor asked the Trial Court to rule on his objections. CR 352-55; Tex. R. App. P. 33.1; *Elite Towing, Inc v. LSI Fin. Group*, 985 S.W.2d 635, 644 (Tex. App.—Austin 1999, no pet.).

Consequently, Mr. Long failed to preserve his objections for appeal that the Boyle Affidavit did not prove-up the attachments as business records of OneWest. *Vaughn*, 792 S.W.2d at 945; *Damron*, 2010 WL 3377777 at *3; *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.). Mr. Long

14

therefore cannot now complain to this Court that the Boyle Affidavit is insufficient summary judgment evidence. Accordingly, the Boyle Affidavit is competent summary judgment evidence, and the Trial Court correctly granted summary judgment for Deutsche Bank on its counterclaim for judicial foreclosure.

### 2. The Boyle Affidavit affirmatively demonstrates the affiant's personal knowledge.

To the extent the Court deems Mr. Long's objections to the Boyle Affidavit to be objections to the substance of the affidavit that have not been waived, the Deutsche Bank Defendants contend the Boyle Affidavit is competent summary judgment evidence. Specifically, the Boyle Affidavit affirmatively shows Mr. Boyle's personal knowledge of the facts alleged as the corporate representative of OneWest, and it properly authenticated the records attached to the affidavit as the business records of OneWest. As such, the Trial Court did not abuse its discretion in admitting the Boyle Affidavit as proper summary judgment evidence.

In order to constitute a substantive defect, affidavit testimony must fail to establish the basis for the affiant's personal knowledge of the facts asserted. Tex. R. Civ. P. 166a(f); *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 224 (Tex. 2004) (per curiam); *Fernandez*, 2010 WL 4137491 at *5. An affiant establishes personal knowledge by showing how the affiant became personally familiar with the facts stated in the affidavit. *Dickey v. Club Corp. of America*, 12 S.W.3d 172, 176 (Tex. App.—Dallas 2000, pet. denied). For corporate

representatives, personal knowledge may be established through one's position and responsibilities with the company. *Hydroscience Tech., Inc. v. Hydroscience, Inc.*, 401 S.W.3d 783, 791 (Tex. App.—Dallas 2013, pet denied). Moreover, personal knowledge may be established by references to true and correct copies of documents in support of the affidavit. *Id.* at 792. Such documents may include the business records of the regular activities of a company. Tex. R. Evid. 803(6), 902(10); *In re E.I. DuPont*, 136 S.W.3d at 224.

Furthermore, the business records relied on by the affiant may include a business record created by one entity that later becomes another entity's primary record. *Dodeka v. Campos*, 377 S.W.3d 726, 732 (Tex. App.—San Antonio 2012, no pet.). A person can testify about another entity's business records if the documents were kept in the ordinary course of business, and the documents form the basis of the underlying transaction. *Id.* The affiant's personal knowledge of the procedures used in originally preparing the documents is not required when the documents are incorporated into the business of the third party, are relied upon by the third party, and are shown to be reliable. *Roper v. CitiMortgage, Inc.*, No. 03-11-00887-CV, 2013 WL 6465637, *13 (Tex. App.—Austin Nov. 27, 2013, pet. denied) (mem. op.).

Mr. Long essentially argues the Trial Court erred in admitting the Boyle Affidavit because it does not meet the Business Records hearsay exception, and

16

thus, does not establish the basis of Mr. Boyle's personal knowledge independent of the business records. Appellant's Brief at 13-15. The Trial Court's rulings on the admissibility of summary-judgment evidence are reviewed under an abuse of discretion standard. *Roper*, 2013 WL 6465637 at \*9. Abuse of discretion is shown when a trial court acts without regard for guiding rules or principles. *Id.* The trial court does not abuse its discretion if its ruling is based on conflicting evidence and some evidence supports its ruling. *Id.* The trial court's ruling will be upheld if there is any legitimate basis for the ruling. *Id.* Accordingly, in order to prevail on his claim before this Court, Mr. Long must show that the Trial Court's error probably resulted in an improper judgment because the judgment turns on the admission of the Boyle Affidavit. *Damron v. Citibank (S. D.) N.A.*, No. 03-09-00438-CV, 2010 WL 3377777, \*3 (Tex. App.—Austin Aug. 25, 2010, pet. denied) (mem. op.).

Contrary to Mr. Long's assertions, the Trial Court did not abuse its discretion in admitting the Boyle Affidavit because the affidavit affirmatively shows the basis for Mr. Boyle's personal knowledge. First, Mr. Boyle stated that he has personal knowledge of each of the matters stated in the affidavit. CR 198. Second, Mr. Boyle stated who he is employed with—OneWest Bank FSB—and in what capacity—Vice President. CR 198-99. Third, the Boyle Affidavit demonstrates that he has learned of the facts he is testifying to from his corporate

17

position and responsibilities. *Id.* In regards to the business records relied on by Mr. Boyle, he states that he is familiar with the records in the regular performance of his job functions, and the records are maintained by OneWest for the purposes of servicing mortgage loans. CR 199. Mr. Boyle further testifies that the records were "made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records" and the records are "kept in the regular course of business activity conducted regularly by OneWest Bank." *Id.* Finally, he states that "it is the regular practice of OneWest Bank's mortgage servicing business to make these records." *Id.* Thus, Mr. Boyle's testimony substantially complies with the evidentiary requirements for the authentication of business records. Tex. R. Evid. 902(10); *Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 360 (Tex. App.—Dallas 2007, pet. denied).

Additionally, to the extent Mr. Long objects that the business records attached to the Boyle Affidavit are not the business records of OneWest, the objection is without merit. This Court recently confirmed in *Roper v. CitiMortgage, Inc.*, that a mortgage company who was not the original author or creator of a mortgage loan documentation may rely on the loan documents if (1) the documents are incorporated and kept in the course of the mortgage company's business, (2) the mortgage company typically relies upon the accuracy of the documents' contents, and (3) the circumstance otherwise indicate the documents'

18

trustworthiness. *Roper*, 2013 WL 6465637 at *12. Moreover, a mortgage company's financial records are deemed trustworthy because if a mortgage company fails to keep careful records of its customers' accounts, "its business would greatly suffer or even fail," and the company would be susceptible to criminal or civil penalties. *See Dodeka*, 377 S.W.3d at 733.

While the documents referred to and attached to the Boyle Affidavit were not created by OneWest, they have been incorporated into and relied upon by OneWest in its business as the authorized servicer for Deutsche Bank. Specifically, the Note and Security Instrument became OneWest's primary documents for servicing Mr. Long's home equity loan. CR 198-229. OneWest would not have been able to service Mr. Long's loan as the authorized servicer for Deutsche Bank without incorporating or relying on the Note and Security Instrument, which Mr. Long does not dispute. Moreover, the documents contain many indicators of reliability and are deemed trustworthy as the financial records of the mortgage servicer, which is subject to potential criminal and civil penalties if the documents are not accurate. *See Dodeka*, 377 S.W.3d at 733. Mr. Long likewise does not question the trustworthiness or authenticity of the Note or the Security Instrument. Thus, OneWest has incorporated the loan documents into its business records, and relied on the loan documents in servicing Mr. Long's home equity loan.

19

As such, Mr. Boyle is not required to have personal knowledge of the procedures used in the original preparation of these documents as Mr. Long contends. Appellant's Brief at 14-15; *see Roper*, 2013 WL 6465637 at *12. Therefore, the Boyle Affidavit is sufficient summary judgment evidence under the Business Records exception to hearsay. Accordingly, the Trial Court did not abuse its discretion in admitting the Boyle Affidavit as summary judgment evidence since the Boyle Affidavit sufficiently shows the loan documents were incorporated and kept in the course of OneWest's business, the accuracy of the loan documents were relied upon by OneWest's in the course of it business, and the loan documents are deemed trustworthy as the financial records of the mortgage servicer.

**B.     Mr. Long has failed to raise a genuine issue of material fact on Deutsche Bank's counterclaim for judicial foreclosure.**

Mr. Long alleges various issues of fact that he asserts prevent summary judgment on Deutsche Bank's judicial foreclosure counterclaim. Specifically, he alleges that "problems" with the September 2010 foreclosure sale have not been corrected, Deutsche Bank is not the holder of the Note, Southwest Funding was not licensed to originate the Note, and the home equity extension of credit exceeded the fair market value ratio allowed by the Texas Constitution. Appellant's Brief at 15-16. Contrary to Mr. Long's assertions, these purported issues are not genuine issues of material fact to Deutsche Bank's counterclaim for judicial foreclosure.

20

Accordingly, the Trial Court correctly granted summary judgment for Deutsche Bank on its counterclaim.

First, Mr. Long alleges the conditions precedent that were not accomplished prior to the September 2010 foreclosure still prevent summary judgment on Deutsche Bank's counterclaim for judicial foreclosure. Appellant's Brief at 14-15. Mr. Long, however, fails to identify the alleged "problems" or failure of conditions precedent. Arguably, Mr. Long has thus failed to present anything to this Court for review on this issue. However, if the alleged problem or failure of conditions precedent to which Mr. Long refers is the purported setting aside of the Rule 736 Order by the Trial Court in September 2010, then this alleged fact issue is not relevant to Deutsche Bank's counterclaim for judicial foreclosure. *See* CR 264. Specifically, Deutsche Bank asserted its counterclaim for judicial foreclosure in June 2011 under the applicable version of Texas Rule of Civil Procedure 735, which provides a counterclaim may be asserted seeking a final judgment that includes an order allowing foreclosure of a home equity security instrument. CR 27, 332-33, 335-44; Tex. R. Civ. P. 735 (West 2000). Thus, Deutsche Bank could elect whether to pursue a foreclosure order under Rule 736 or a counterclaim for judicial foreclosure, and its alleged failure to obtain a Rule 736 foreclosure order has no bearing on its ability to seek a counterclaim for judicial foreclosure. Tex. R. Civ. P. 735 (West 2000). Therefore, Mr. Long has not raised a genuine issue of

material fact on this issue.

Second, Mr. Long argues that he has raised a genuine issue of material fact as to whether Deutsche Bank's status as the holder of the Note. Appellant's Brief at 16. However, Deutsche Bank's status as holder of the Note is not necessary to assert a claim for judicial foreclosure of the Security Instrument. As this Court has previously recognized, "a lien creditor may pursue foreclosure of a lien against real property under the deed of trust independent of any personal action against the borrower for collection on the note. *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03-11-00644-CV, 2012 WL 3793190, *3 (Tex. App.—Austin Aug. 30, 2012, pet. denied) (mem. op.). Consequently, courts have dismissed claims relying upon the "show-me-the-note" theory, such as Mr. Long's, since foreclosure statutes do not require possession or production of the original note in order to foreclose. *Id.*

The summary judgment evidence offered by the Deutsche Bank Defendants conclusively shows that Deutsche Bank is the beneficiary under the Security Instrument and the proper party to enforce the Security Instrument through a claim for judicial foreclosure. CR 200-24. MERS is the designate nominee for the lender under the Security Instrument, and as such, MERS had the authority to transfer the rights and interests in the Security Instrument to Deutsche Bank. CR 206; *Roper*, 2013 WL 6465637 at *8; *Bierwirth*, 2012 WL 3793190 at *4. MERS assigned the Security Instrument to Deutsche Bank effective December 22, 2009.

22

CR 223. Therefore, Deutsche Bank had the right and authority to enforce the Security Instrument as a result of Mr. Long's default in his repayment obligations under the Note by seeking a counterclaim for judicial foreclosure in this lawsuit. Accordingly, Deutsche Bank's status as the holder of the Note is not material to its counterclaim for judicial foreclosure, and thus, Mr. Long has failed to raise a genuine issue of material fact.

Finally, Mr. Long attempts to raise two fact issues regarding the origination of his home equity loan by arguing Southwest Funding was not a licensed lender and the value of the loan exceeded the fair market value ratio mandated by the Texas Constitution. Appellant's Brief at 16. Mr. Long, however, fails to present any credible summary judgment evidence in support of his contentions. The only evidence offered as to Southwest Funding's status is a conclusory statement in Mr. Long's affidavit and an unverified link purportedly to the Texas Department of Banking website. CR 264, 303. Similarly, the only evidence of the fair market value of the Property offered by Mr. Long is an unofficial and uncertified notice of appraised value for 2009, which is more than two years after his loan was originated. CR 264, 276, 303, 315; *see* Tex. R. Evid. 902. Therefore, Mr. Long failed to present any credible summary judgment evidence to the Trial Court on these issues, and thus, he failed to raise a genuine issue of material fact preventing summary judgment on Deutsche Bank's judicial foreclosure counterclaim.

23

## Prayer

For these reasons, Deutsche Bank, OneWest and IndyMac respectfully request the Court to affirm the Trial Court's Order granting their Motion for Traditional and No-Evidence Summary Judgment.

Respectfully Submitted,

/s/ Bradley E. McLain
J. Garth Fennegan
Texas Bar I.D. 24004642
gfennegan@settlepou.com
Daniel P. Tobin
Texas Bar I.D. 24046978
dtobin@settlepou.com
Bradley E. McLain
Texas Bar No. 24041453
bmclain@settlepou.com
SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR APPELLEES,
INDY MAC MORTGAGE SERVICES,
ONEWEST BANK, FSB AND
DEUTSCHE BANK NATIONAL
TRUST CO.

## Certificate of Compliance

I hereby certify that: (1) the word count of this document is 5291 words according to Microsoft Word Version 2010 and excluding those parts of the document specified in Tex. R. App. P. 9.4(i)(1); and (2) this document has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes.

/s/ *Bradley E. McLain*
Bradley E. McLain

## Certificate of Service

I certify that this document was served in accordance with the Texas Rules of Appellate Procedure on June 22, 2015, by the manner indicated upon the following persons:

Via Electronic Service

James D. Pierce
1 Sugar Creek Center 1080
Sugar Land, Texas 77478

Attorney for Appellant

Via Electronic Service

Brian P. Casey
Casey Law Group
6836 Bee Caves Rd.
Building 3, Suite 303
Austin, Texas 78746

Attorney for Appellee,
Southwest Funding L.P.

*/s/ Bradley E. McLain*
Bradley E. McLain

DMS-#700828-v1-Appellees_Brief.docx

25