

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00688-CV

Jose **CORRO** and Concepcion Corro,
Appellants

v.

Andres **PEREZ**, Perez & Malik, PLLC and Adriana Medrano of Perez & Malik,
Appellees

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 16-06-23689-CV
Honorable H. Paul Canales, Judge Presiding[1]

Opinion by:    Irene Rios, Justice

Sitting:    Karen Angelini, Justice
            Luz Elena D. Chapa, Justice
            Irene Rios, Justice

Delivered and Filed: December 19, 2018

AFFIRMED

This is an appeal from the granting of a motion for no-evidence summary judgment disposing of claims asserted by a *pro se* litigant on behalf of himself and his mother. Appellants assert that the trial court abused its discretion by striking summary judgment evidence and by denying their motions for a continuance, to subpoena certain prison records, and to appoint counsel for Concepcion Corro. They further assert that the trial court erred in granting summary judgment. We affirm.

---

[1] The Honorable H. Paul Canales presided over the underlying case by assignment.

**Facts**

Appellant Jose Corro is incarcerated. In October 2014, he wrote to appellee Andres Perez, of the law firm Perez & Malik, P.L.L.C., inquiring whether Perez handled parole matters in addition to his immigration practice. If so, Corro stated that he needed Perez's help because he had been repeatedly denied parole and believed one reason was because of his immigration status.[2] Corro wrote to Perez again in January 2015, stating that he was trying to retain Perez to represent him in his parole and immigration matters. Corro expressly stated that he chose Perez because Perez could represent him in both matters and Corro could not afford to retain two separate attorneys.

Because of Corro's incarceration, Perez met instead with Corro's mother, appellant Concepcion Corro. Corro alleges that Perez told his mother that he would represent Corro in the parole matter as well as the immigration matter. Perez denies that he ever agreed to represent Corro in the parole matter. In February 2015, Concepcion signed a fee agreement providing that Perez would represent Corro for "GENL: N600 (certif. of citizensh.)" for the fee of $2000. The fee agreement makes no mention of parole.

In March 2015, Corro wrote to appellee Adriana Medrano, Perez's paralegal. Medrano had informed Corro that she would be assisting with his "case," and Corro wanted to know whether that meant she was assisting with his parole case or his immigration case or both. He explained that he had retained Perez based on the law firm's assurance to his mother that it handled parole hearings.

In April 2015, Corro again wrote to Medrano, asking for clarification of Perez's representation. He reiterated that he hired Perez because Perez could represent him in both the

---

[2] Corro also candidly admitted that another reason for his parole denials was "of course my criminal history."

parole matter and the immigration matter, and that Corro could not afford to hire two separate attorneys. He then noted that the law firm had informed his brother that Perez would not represent him in the parole matter. Corro requested, if the firm was not going to represent him in the parole matter, that it refund the money he had paid so that he could hire another attorney to represent him at his parole hearing.

The record does not contain any written responses to Corro's letters and appellees do not contend that they sent Corro any such responses. Perez asserts that he verbally informed Corro's mother and brother that he represented Corro only on the immigration matter, not the parole matter. Corro was not represented by an attorney at his parole hearing and was ultimately denied parole.

Corro subsequently filed a lawsuit against Andres Perez, Adriana Medrano, and Perez & Malik, P.L.L.C. (collectively, "Perez"), on behalf of himself and his mother. He asserted claims for violation of the DTPA, conversion, money had and received, and breach of fiduciary duty. He later amended his pleading to drop the claims for conversion and money had and received, and to add claims for fraud and breach of contract. After the close of discovery, Perez filed a motion for no-evidence summary judgment, challenging various elements of each of Corro's claims. In response, Corro abandoned all of his claims except for violation of the DTPA. Concerning that claim, Perez alleged in his summary judgment motion that there is no evidence (1) of a false, misleading or deceptive act, (2) of reliance on any such act, and (3) that any such act was a producing cause of the alleged damages.

Corro filed a response to the summary judgment motion, supported by numerous exhibits.[3] These exhibits were not sworn, certified, or accompanied by an affidavit authenticating them as summary judgment evidence. *See Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App.—San

---

[3] It appears that Corro filed these exhibits with the trial court but did not provide copies to opposing counsel. He explained that, because he is incarcerated, he does not have access to a copier.

Antonio 1997, pet. denied) (unauthenticated or unsworn documents are not summary judgment evidence); TEX. R. CIV. P. 166a(f) (summary judgment documents must be sworn or certified). Perez moved to strike many of the exhibits as inadmissible hearsay and for lack of verification or authentication. He moved to strike another exhibit on the ground that it consisted of unsworn statements purporting to be affidavits.

The summary judgment motion came on for hearing on August 14, 2017. The trial court informed Corro at that time that he was required to file a sworn affidavit in response to the summary judgment motion. The court declined to rule on the summary judgment motion and reset the hearing to give Corro an opportunity to file a proper affidavit.

Prior to the reset hearing, Corro filed a supplemental response to the summary judgment motion and to Perez's objections to the summary judgment evidence. That supplemental response was accompanied by an unsworn declaration entitled "Affidavit In Support of Opposition To Defendants No-Evidence Summary Judgment." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (providing for unsworn declaration in lieu of affidavit by an inmate). In that document, Corro stated that he personally wrote many of the objected-to exhibits, including various letters written to Perez and the Perez & Malik law firm, as well as medical requests and complaints addressed to prison officials. Corro also stated that many of the exhibits were verified by appellees in discovery.

After hearing argument from both sides, and reviewing the pleadings and proffered evidence, the trial court sustained Perez's objections and granted the motion to strike Corro's summary judgment evidence. It further granted the motion for summary judgment and ordered that Corro and Concepcion take nothing on their claims against Perez.

**Discussion**

On appeal, Corro challenges the trial court's rulings (1) excluding summary judgment evidence; (2) denying a motion for continuance, motion to subpoena evidence, and motion to

appoint counsel; (3) granting summary judgment against Concepcion based on Corro's inability to represent her in the case; and (4) granting summary judgment based on a lack of evidence.

In our review of this case, we are mindful that *pro se* pleadings and briefs are to be liberally construed. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied). Even so, "[a] pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Id.* at 52-53.

*Pro se representation*

We first address the issue of *pro se* representation, as it is dispositive of Concepcion Corro's claims.

"[A] *pro se* party cannot represent another party in litigation or on appeal." *In re Kennedy*, No. 04-16-00001-CV, 2016 WL 147147, at *1 n.2 (Tex. App.—San Antonio Jan. 13, 2016, no pet.); *see* TEX. R. CIV. P. 7. Concepcion did not file a response to Perez's motion for no-evidence summary judgment, nor did she sign the response filed by Corro. Instead, Corro purported to act on Concepcion's behalf by including her in his summary judgment response. But it is undisputed that Corro is not a licensed attorney. As a *pro se* litigant, he had no power to represent Concepcion in the court below. *See In re Kennedy*, 2016 WL 147147, at *1 n.2.

If a nonmovant fails to file a timely response to a motion for no-evidence summary judgment, the trial court must grant the motion. *BP Am. Prod. Co. v. Zaffirini*, 419 S.W.3d 485, 509 (Tex. App.—San Antonio 2013, pet. denied); *see Landers v. State Farm Lloyds*, 257 S.W.3d 740, 746 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Concepcion did not file any response to Perez's motion. The trial court correctly granted summary judgment against her.

We note that Concepcion also did not sign a notice of appeal from the trial court's order. Again, Corro purported to act on her behalf. And again, he was without power to do so. *See In re*

*Kennedy*, 2016 WL 147147, at *1 n.2. Thus, Concepcion Corro is not a party to this appeal and the order that she take nothing on her claims is final.

*Motions for continuance, subpoena of records, and appointment of counsel*

Chapter 552 of the Texas Government Code governs access to public information. It provides:

> A governmental body is not required to accept or comply with a request for information from: (1) an individual who is imprisoned or confined in a correctional facility; or (2) an agent of that individual, other than that individual's attorney when the attorney is requesting information that is subject to disclosure under this chapter.

TEX. GOV'T CODE ANN. § 552.028(a). Corro contends that he could not adequately respond to Perez's summary judgment motion without obtaining certain prison telephone records, an affidavit authenticating prison medical records, and an affidavit establishing that certain letters were mailed from the prison to Perez. He recognizes that, because he is incarcerated, the prison had no duty to provide those documents to him. *See id.*

In a series of filings, Corro asked the trial court to continue the summary judgment proceedings and to assist him in obtaining the requested prison records. He also asked the court to appoint counsel "for Concepcion Corro **only**." (Emphasis in original.) He believed that appointing counsel for Concepcion "would automatically help [Corro] in the problem he is having in obtaining evidence because of Govt. Code 552.028."

As noted above, a *pro se* litigant cannot represent another party. *In re Kennedy*, 2016 WL 147147, at *1 n.2. Concepcion did not file a motion on her own behalf requesting appointment of

counsel and Corro had no power to request such an appointment for her. *See id.* The trial court did not abuse its discretion by refusing to appoint counsel for Concepcion.[4]

As to the request for a continuance, the trial court's denial of such a request is reviewed for a "clear abuse of discretion on a case-by-case basis." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004). "A trial court only abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.*

The record does not reflect that Corro obtained a ruling on his request for a continuance, or even that he brought it to the trial court's attention. Corro proceeded with the reset summary judgment hearing without any mention of his request for a continuance or any objection to the hearing going forward without that request first being addressed. Corro's complaint on appeal is waived. *See Gonerway v. Corr. Corp. of Am.*, 442 S.W.3d 443, 446 (Tex. App.—Dallas 2013, no pet.); TEX. R. APP. P. 33.1(a).

In any event, Corro admits in his brief that "[t]ime is not the dispute" because prison officials were never going to provide him with the prison records he sought. Thus, Corro urges that "the abuse of discretion is not for a continuance but [the trial court's] refusal to subpoena evidence from the prison officials . . . ." But again, the record does not reflect that Corro brought his subpoena request to the court's attention and obtained a ruling. That complaint is waived. *See Gonerway*, 442 S.W.3d at 446; TEX. R. APP. P. 33.1(a). And even if the complaint were preserved for review, Corro has not cited any authority establishing that the trial court had any duty or authority to order prison officials to release to Corro the records he requested. The trial court did

---

[4] We note that, even if Concepcion had made a proper request on her own behalf, this case does not present the exceptional circumstances required to warrant appointment of counsel in a civil case. *See Gibson v. Tolbert*, 102 S.W.3d 710, 712-13 (Tex. 2003).

not abuse its discretion by refusing to grant a continuance to perform an act which it had no duty to perform.

*Excluding summary judgment evidence*

Perez objected to a number of Corro's exhibits on the grounds of hearsay and lack of verification or authentication. He objected to another exhibit as being an unsworn statement purporting to be an affidavit. The trial court sustained Perez's objections and ordered the exhibits struck. This exclusion of summary judgment evidence is reviewed for abuse of discretion. *See PNP Petroleum I, LP v. Taylor*, 438 S.W.3d 723, 732 (Tex. App.—San Antonio 2014, pet. denied).

For reasons discussed below, our analysis of the order granting summary judgment is narrowed to the issue of reliance. This, in turn, narrows our consideration of the exclusion of evidence to only exhibits C, F, G, and I, and statements made in a September 14, 2017 unsworn declaration.

Exhibit C is a letter written by Corro to Perez stating, "my mother has informed me that you will take my case." Exhibit F is a letter written by Corro to Medrano stating, "I retained Mr. Perez on the information your office provided . . . to my mother." Exhibit G is a letter written by Corro to Medrano stating, "now My [sic] brother was told that your office will not represent me on parole." In the September 14, 2017 unsworn declaration, Corro refers to "knowledge that my mother informed me," "another phone call between mother & Perez," and that "my mother was informed that Perez & Malik would help me in my parole matter as well as my immigration case."

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. *Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 12 (Tex. App.—San Antonio 2004, pet. denied); TEX. R. EVID. 801(d). It is not admissible unless the proponent demonstrates that it fits within an established hearsay exception. *Dodeka, L.L.C. v. Campos*, 377 S.W.3d 726, 731 (Tex. App.—San Antonio 2012, no pet.). The statements in Corro's letters (exhibits C, F, and G) and

unsworn declaration relating what his mother or brother told him concerning what Perez told them is clearly hearsay. Corro offered these conversations to prove the truth of their content—that Perez told his mother that he represented Corro in the parole matter, and later told his brother that he did not.

Corro did not demonstrate in the court below that this evidence falls within any exception to the hearsay rule. On appeal, he makes reference to evidence rule "803(6)(B), (C)," but makes no application of that rule. In any event, rule 803(6) provides an exception to the hearsay rule for "records of regularly conducted activity," *i.e.*, business records. TEX. R. EVID. 803(6). The rule includes four requirements, labeled subsections (A) through (D).[5] *Id.* Corro cites to only two of those requirements—"the record was kept in the course of a regularly conducted business activity," and "making the record was a regular practice of that activity." *See id.* at 803(6)(B), (C).

There is no evidence that Corro's letters were written in the course of any regularly conducted business activity. Further, Corro made no attempt to establish the remaining requirements. *See id.* at 803(6)(A) (record made at or near the time by someone with knowledge), 803(6)(D) (conditions shown by testimony of custodian of records or affidavit or unsworn declaration in compliance with rule 902(10)). The trial court did not abuse its discretion by excluding exhibits C, F, and G, and hearsay statements contained in the September 14, 2017 unsworn declaration.

The last exhibit we must address is exhibit I, which contains two unsworn statements. In one, Corro's brother relates conversations he had with Corro and with Perez. In the second, Corro's mother relates conversations she had with Corro and with Perez. Both statements suffer the same

---

[5] A fifth requirement is that the opponent fails to demonstrate a lack of trustworthiness. TEX. R. EVID. 803(6)(E). This requirement does not place a burden on Corro and thus need not have been addressed in response to Perez's hearsay objections.

hearsay defect as the exhibits discussed above. But Perez did not object to exhibit I on the ground of hearsay. Rather, he objected that it contained unsworn statements purporting to be affidavits.

A summary judgment affidavit must "positively and unqualifiedly represent" that the facts stated therein are true and within the affiant's personal knowledge. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). In addition, "the record must contain some evidence that the purported affidavit was sworn to by [the affiant] before an authorized officer." *Mansions in the Forest, L.P. v. Montgomery Cty.*, 365 S.W.3d 314, 317 (Tex. 2012). Exhibit I does not fulfill either requirement.

The statements of Corro's mother and brother are each signed, and each states that it was executed before a notary. But neither contains any affirmation of the truth of the facts stated or any indication that the statement was sworn to. In addition, Corro does not identify anything else in the summary judgment record establishing that these statements were sworn to before an authorized officer. *See Mansions*, 365 S.W.3d at 317. Because of these defects, the statements are not competent summary judgment evidence. *See id.*; *Brownlee*, 665 S.W.2d at 112. The trial court did not abuse its discretion by excluding exhibit I.

We turn, then, to the trial court's granting of a no-evidence summary judgment, in light of the exclusion of exhibits C, F, G, and I, and hearsay statements contained in the September 14, 2017 unsworn declaration.

*Granting summary judgment*

An order granting summary judgment is reviewed *de novo*. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). This court will affirm a no-evidence summary judgment "only if the respondent fails to produce summary judgment evidence raising a genuine issue of material fact on each challenged element." *Trevino v. Trevino*, 64 S.W.3d 166, 171 (Tex. App.—San Antonio 2001, no pet.); *see* TEX. R. CIV. P. 166a(i). Thus, as to each challenged element, the

respondent must produce evidence that "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Trevino*, 64 S.W.3d at 171 (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex.1997)).

Corro alleged (as identified by a liberal reading of his pleadings) that Perez (1) engaged in unconscionable conduct toward his mother, Concepcion, (2) misrepresented to Concepcion the scope of his representation, and (3) failed to disclose to either Corro or his mother that he would not represent Corro in the parole matter. *See* TEX. BUS. & COM. CODE ANN. §§ 17.46(b)(5), (24), 17.50(a)(3), (2). We have held above that Concepcion is not a party to this appeal. Therefore, we need not address Corro's assertion that Perez engaged in unconscionable conduct toward his mother, made a misrepresentation to her, or failed to disclose information to her. The only DTPA violation before us is the alleged failure to disclose to Corro the scope of Perez's engagement. *See* TEX. BUS. & COM. CODE ANN. § 17.46(b)(24).

Reliance is an essential element of Corro's claim under the DTPA. TEX. BUS. & COM. CODE ANN. § 17.50(a) (consumer may maintain action on laundry list violation "relied on by a consumer to the consumer's detriment"); *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 (Tex. 2002) (reliance is essential element of DTPA laundry list violation). Perez's motion for no-evidence summary judgment asserts that there is no evidence to support this essential element. We agree.

Corro filed an August 27, 2017 unsworn declaration in response to Perez's evidentiary objections. In it, he references telephone conversations between himself and his mother in which his mother told him that Perez said he would represent Corro in the parole matter. Corro then states that "**[a]ll Reliance came from these phone conversations which form the very substance of the entire Suit**." (Emphasis in original.) The only evidence of the content of the telephone conversations is contained in exhibits C, F, G, and I, and Corro's September 14, 2017 unsworn declaration. For reasons stated above, we have affirmed the trial court's exclusion of that evidence.

There is, therefore, no summary judgment evidence of the telephone conversations that Corro states were the basis of his reliance.

In addition, by insisting that "[a]ll Reliance came from these phone conversations," Corro essentially admits that he relied on what Perez *did* say (albeit to Corro's mother) and not on what Perez *did not* say. Corro expressly states that he hired Perez in reliance on statements by his mother that Perez said he would represent Corro in the parole matter. There is no evidence that Corro relied on Perez's subsequent silence on the subject.

Corro failed to sustain his burden of producing evidence to support a finding that he relied to his detriment on Perez's failure to disclose information concerning the scope of his engagement. The trial court did not err by granting Perez's motion for no-evidence summary judgment and ordering that Corro take nothing on his claim under the DTPA.

## Conclusion

The trial court did not abuse its discretion by denying Corro's motions for continuance, subpoena, and appointment of counsel or by excluding summary judgment evidence. Further, it did not err by (1) granting a no-evidence summary judgment against Concepcion Corro for failure to file a summary judgment response, and (2) granting a no-evidence summary judgment against Jose Corro for failure to produce evidence of the essential element of reliance.

The order of the trial court is affirmed.

Irene Rios, Justice